Rogers and Peak v. Gosnell.

———o———

Jos. M. Rogers and Jno. L. Peak, Plaintiffs in Error *vs.* W. A. Gosnell, Defendant in Error.

1. *Practice, civil, Appeal—Judgment, what final.*—A judgment " that defendant go hence and that he recover his costs, etc.," although not very formal or full, is substantially a good final judgment, and will support an appeal.

2. *Practice, civil, Parties—Trustee and beneficiary—Agreement between other parties may be sued on by beneficiary.*—A party for whose use a contract or a stipulation in a contract is made, when this fact appears on the face of the contract, may maintain a suit in his own name on such stipulation, and this rule applies as well to simple contracts as contracts under seal. The party in whose name the contract is made, is declared by our practice act to be a trustee of an express trust, and may sue in his own name; (2 W. S., 1000, § 3,) but this does not bar the beneficiary from doing so; a recovery by either would be a bar to an action by the other.

*Error to Jackson County Circuit Court.*

*Franklin & Napton,* for Plaintiffs in Error.

I. The ground upon which the demurrer was sustained was that, the contract being a sealed instrument, no action could be maintained upon it by plaintiffs, who were not parties to the contract. The precise question has not yet been decided by this Court, but has only been decided as far as contracts not under seal are concerned. (Meyer vs. Lowell, 44 Mo., 328.) (See also Lawrence vs. Fox, 20 N. Y., 268; Farley vs. Cleveland, 4 Cowen, 432.) The question as to contracts under seal has more recently been decided in New York, and the decisions say, may be considered settled. (Coster vs. The Mayor of Albany, 43 New York, 411; Lawrence vs. Fox, 20 N. Y., 268; Secor vs. Lord, 3 Keyes, 525; Van Schaick vs. Third Avenue R. R., 38 N. Y., 346; Ricard vs. Sanderson, 2 Hand, 179. See also Kimball vs. Noyes, *et als.*, 17 Wisconsin, 697; Carnagie vs. Morrison, 2 Met., (Mass.) 404.)

II. Where a motion in arrest of judgment is sustained and the judgment arrested, it is optional with the plaintiff as to whether he will amend his petition or not, and if he declines doing so the Court may dismiss his petition, and from this judgment of dismissal an appeal or writ of error will lie; the plaintiff in such case, being entitled to a review of the action of the Circuit Court in sustaining the motion in arrest by the Supreme Court. (Frazier vs. Roberts, 32 Mo., 459; Shaler vs. Van Worner, 33 Mo., 386; Richardson vs. Farmer, 36 Mo., 41; House vs. Lovell, 45 Mo., 381.)

*Warwick Hough,* for Defendant in Error.

I. The judgment in this cause is no final judgment, and the writ of error must, therefore, be dismissed. (Zahnd vs. Darling, 48 Mo., 557; Preston vs. Mo. and Penn. Lead Co., *Id.*, 541; Boggess vs. Cox, *Id.*, 278.)

II. The sum agreed to be paid by defendants was, as is recited in the contract, due and owing from said Wornall and others to the plaintiffs, and in such case a third party, for whose benefit a promise is made, cannot maintain an action

upon it. (Manny vs. Frasier, 27 Mo., 419; Page vs. Becker, 31 Mo., 466.)

These cases are not overruled, at least not expressly so, by Meyer vs. Lowell, 44 Mo., 328.

III. The promise upon which the plaintiffs seek to recover, is embodied in a contract under seal to which the plaintiffs are not parties, and they cannot, for this reason, maintain any action upon it.

No one but a covenantee can sue on a covenant. The distinction between sealed instruments and simple contracts has not been abolished in this State, and is an important one to be observed. (Robbins vs. Ayres, 10 Mo., 538, 541. See also Dougherty vs. Mathews, 35 Mo., 520; India Rubber Co. vs. Tomlinson, 1 E. D. Smith, 374; Montage vs. Smith, 13 Mass., 404, 405; How vs. How 1 New Hamp., 51; Hinkley vs. Fowler, 15 Maine, 289.)

ADAMS, Judge, delivered the opinion of the court.

On the 18th of June, 1868, the defendants entered into a contract under seal with John B. Wornall and others, for the purchase of a certain tract of land in Jackson county, and agreed therein to pay as part of the purchase money of said land, the sum of one hundred and fifty dollars to the plaintiffs, the said sum of one hundred and fifty dollars being one-half of the commissions due them by said Wornall & Co.

The plaintiff sued the defendant on this sealed contract, and on the stipulation therein to pay them the $150.00, due them as commissions from the vendors, Wornall and others. The commissions referred to were due them as real estate agents for making the sale of the land.

The stipulation offered as evidence was demurred to and the demurrer sustained, and the plaintiff took a non-suit with leave, &c., and the motion to set aside the non-suit was over-ruled and a judgment given discharging the defendant and for costs.

This judgment is objected to as not being a final judgment from which a writ of error will lie. The judgment is that the defendant go *hence* and that he recover his costs, &c. It is not

very formal or full but I think it is substantially a good final judgment. The defendant seems to have been discharged from the action and it would be difficult to take any further steps without reversing the judgment.

The main point on the merits is the demurrer to the evidence. It seems to be well established that a party for whose use a contract or a stipulation in a contract is made, may maintain a suit in his own name on such stipulation. (Bank of Missouri vs. Benoist and Hackney, 10 Mo., 519; Robbins vs. Ayres, 10 Mo., 538; Myers vs. Lowell, 44 Mo., 328; Hanagan vs. Hutchinson, 47 Mo., 237.)

The old authorities maintain that this can only be done on contracts not under seal. This distinction was noticed by Judge Scott in Robbins vs. Ayres, 10 Mo., 538. But that was a suit on a simple contract, and the question was not properly before the court and what he said must be looked upon as *obiter dicta.* By recent decisions in New York, it is laid down that no such distinction exists. (Van Schaick vs. R. R., 38 N. Y., 346; Ricard vs. Sanderson, 2 Hand, 179; Coster vs. The Mayor of Albany, 43 N. Y., 399; Lawrence vs. Fox, 20 N. Y., 268.)

I see no good reason for keeping up this sort of distinction between contracts under seal and not under seal. If the covenant is made for the benefit of a third person, why is he not a party to it so as to maintain an action in his own name?

The party in whose name a contract is made for the benefit of another, is declared by our practice act to be a trustee of an express trust and such trustee may sue in his own name. (Harney vs. Dutcher, 15 Mo., 89; Miles vs. Davis, 19 Mo., 408; 2 W. S., 1000, § 3.)

It does not follow that because the trustee is allowed to sue in his own name on such a contract, that the beneficiary is precluded from doing so. A recovery by either would be a bar to another action, whether bought by the trustee or beneficiary.

In some classes of trusts, the trustee alone can sue at law but this is not one of that character.

The courts have repeatedly held, that a person for whose benefit a contract is made may sue in his own name, when it appears on the face of the contract that he is the beneficiary. This was the law before our code of practice was adopted and that code allowing a trustee to sue has not altered this rule.

Under this view, the demurrer to the plaintiff's evidence was improperly sustained, and the judgment must be reversed and the cause remanded.