JOHN MEGHER ET AL., Respondents, v. JAMES STEWART, Appellant.

### February 11, 1879.

When the petition shows a cause of action in one plaintiff only, and the judgment is rendered in favor of both, such judgment is not merely irregular, but is erroneous, and must be reversed. It cannot be amended in the appellate court by striking out the name of the party in whose favor judgment was erroneously entered, as such a change would not be in affirmance of the judgment.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*
J. M. & C. H. KRUM, for appellant.
R. M. FOSTER and M. KINEALY, for respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action by plaintiffs as copartners, for certain plastering done under a written contract between plaintiffs and defendants. The answer was a general denial. There was a verdict and judgment for plaintiffs, and defendants appeal.

On the trial, plaintiffs introduced the written contract, as follows: " I will execute all the plastering to be done in

806 and 808 Olive Street, for James Stewart & Co., for thirty-two cents per yard superficial. St. Louis, Oct. 8, 1873." This contract was signed, "Megher & Luscombe."

Luscombe testified on the trial that he did not himself write the names to the contract, as his hand was lame; that the names were written for him, and that he thought at the time that his name alone was signed; that Megher had no interest whatever in the job.

There was a conflict of testimony as to the amount of plastering done. According to the measurement of plaintiffs' witnesses, the value of the work at contract price was $1,120.64. According to defendant's witnesses, the work measured an amount which would make its contract value $738. Defendant's testimony was that he had paid out for Luscombe, at his request, $443.73; and to Luscombe's workmen, at his request, $282.75, — making a total payment to Luscombe on account of the work that paid the bill in full within a few dollars. Plaintiff admitted payments on account, to the amount of $242.55; and said that a further sum had been paid by defendant to plaintiff Luscombe's hands on account of the work, but he did not know how much. Defendant's statement as to the amount paid the workmen was uncontradicted. The verdict was for $744, and it is difficult to see by what process the jury arrived at the amount. If they relied upon the testimony of plaintiffs' witnesses alone, they must have found a verdict for $878; if they believed the witnesses for defendant, the verdict must have been almost nominal.

At the close of plaintiffs' case, defendant asked an instruction in the nature of a demurrer to the evidence, which was overruled. For the plaintiffs the court instructed the jury that, though Megher may not have authorized Luscombe to make the contract, yet if he became aware of the contract afterwards, and before the suit, and directed the suit to be brought, or took steps to enforce or perform the contract as his joint contract with Luscombe as co-con-

tractor, such acts show a ratification of the contract with Luscombe.

This instruction was erroneous, and should have been refused; but it is not necessarily a ground for reversing the case.

It is contended by defendant that the misjoinder of parties plaintiff is fatal. It certainly is so, unless it clearly appears that defendant could not have been prejudiced by the misjoinder. We were of the opinion that he could not be prejudiced, and refused to reverse the judgment on the mere ground of the misjoinder. A motion for a rehearing was made, and we conceived a doubt about the matter and ordered the case for reargument.

Plaintiffs contend that there was no misjoinder; that the contract having been made in the name of Megher & Luscombe for the benefit of Luscombe, Megher is the trustee of an express trust, and was properly joined. But there is nothing in this argument. It appears that the contract was not made with Megher at all, but with Luscombe alone, who signed by the name of Megher & Luscombe; and undoubtedly he should have so declared. If the contract had been made with Megher for the benefit of Luscombe, Luscombe alone might have sued, or Megher alone might have sued (*Harney* v. *Dutcher*, 15 Mo. 89; *Rogers* v. *Gosnell*, 51 Mo. 469), or both might have sued. But there was no contract whatever with Megher.

It is said that we may amend the judgment here by striking out the name of Megher. But we do not think we have any such power. An amendment may be made in the appellate court by striking out the name of a party when such an amendment is in affirmance of the judgment, but not otherwise, — as in *Cruchon* v. *Brown*, 57 Mo. 38, where a husband sued as trustee for his wife, and suit should have been brought in the name of the husband alone. The judgment was amended in the Supreme Court by striking out the name of the wife, and letting the judgment stand in the

name of the husband alone. There, whether the husband was entitled to recover in one capacity or the other, in either event he was the sole legal owner of the debt. *Weil* v. *Simmons*, 66 Mo. 619, goes very far, to be sure. It may be said that the judgment itself is there amended; but we apprehend that the Supreme court did not so regard it, as it does not seem to have considered its judgment in disaccord with the current of former decisions in this State in which it was held that that cannot be done. The case was this: Judgment was obtained against several defendants, of whom one was a married woman. The Supreme Court, after remarking upon the extreme breadth of the statute of jeofails, amends by striking the name of the married woman from the record. This must have been done on the theory that a judgment against the married woman being a mere nullity, no judgment had been, in effect, rendered against her at all. For as is said by the same court in *Ashby* v. *Glasgow*, 7 Mo. 320, and as the well-settled rule is, " an error in the court in rendering judgment is not cured by the statute of jeofails, and can only be corrected on appeal." The power of interference with the judgment itself, in the way of amendment, ceases with the term. *Harber* v. *Railroad Co.*, 32 Mo. 423. If the Supreme Court unmistakably adopts the rule that a judgment may be changed as to parties plaintiff or defendant in the appellate court, that interpretation of the statute of jeofails will be authoritative. We do not understand that its former rulings in that respect, which are in agreement with the concordant rulings upon similar statutes in other States in this respect, are overruled.

We are referred to cases in which amendments have been made in the appellate court as to matters of substance, and to a *dictum* of Chief Justice Taney that, where persons not competent to sue for the matter complained of have joined in libel, the appellate court may give leave to amend by striking out so as to dispose of the case on its real merits.

*Taylor* v. *Harwood*, 1 Taney, 440 ; *The Marianna Flora*, 11 Wheat. 1. But these are admiralty proceedings, where amendments as to substance are always allowed in the appellate courts, and the cases are therefore not in point. ·

The redundancy of parties plaintiff in the present case could not be reached by demurrer, because the fact that Megher was not a necessary party to a complete determination of the action does not appear upon the face of the petition.

Nothing seems to be more certain than this : that if, on any conceivable state of facts, defendant could possibly have been prejudiced by the misjoinder, it must be fatal. He denied that he made a contract with Megher. Issue was joined on the allegation that he had made such a contract, and the proof was that he had made another contract, — that is, a contract with Luscombe alone. Now, defendant might possibly have an offset against Luscombe, which he could not plead against Megher & Luscombe. Was he bound, then, after his general denial, to plead specially that he had made a contract such as that set out with Luscombe, and that he had an offset against Luscombe? We do not see how this can be maintained. Under the statute, a general denial was plainly sufficient ; and with this general denial, unless defendant went further, and set out the real contract, any defence in the nature of a counter-claim or offset could not, of course, be pleaded,

It is held in New York (*Mann* v. *Marsh*, 35 Barb. 68) that, where the redundancy of parties appears on the face of the petition, a demurrer on the ground that the complaint does not set forth facts sufficient to constitute a cause of action sufficiently calls the attention of the court to the fact that no joint cause of action is alleged. And in Indiana (*Berkshire* v. *Schultz*, 25 Ind. 527) this ruling is followed, and it is held that the defect can only be cured by striking out the name of the redundant plaintiff, or by amending the statement to cure the defect. In Ohio, it is

held (*Bartges* v. *O'Neil*, 13 Ohio St. 72) that where a judgment is erroneously rendered, as in the case at bar, in favor of both plaintiffs, and the petition shows a cause of action in one only, the judgment must be reversed ; because it cannot be affirmed with certainty that plaintiff was not injured thereby.

These decisions are under the New York Code, or under codes of practice modelled, as our own Code is, upon the Code of New York. Before the Code, of course, plaintiffs in an action on contract must have shown a joint cause of action in all of them, or they must have been nonsuited. In New York, it was contended that even under the Code this must be the practice where the proceeding was equitable in its nature ; but it was held that in an action under the Code upon contract, by two or more plaintiffs, one of them might have judgment in his favor, and that defendant might, therefore, plead that one defendant alone was entitled to sue, and a set-off as to him ; and might be permitted, on trial, to establish these facts ; and that judgment ought to go for or against the several plaintiffs, according to the allegations and the proofs. But we have been referred to no case, and we are aware of none, in which it has been held that the defendant is compellable thus to plead, and that where the plaintiffs have erroneously set forth the contract as a contract made with both, and a general denial is filed, and a contract shown with one plaintiff only, and no offer is made to dismiss as to the redundant plaintiff and amend the petition, and judgment goes in favor of both plaintiffs, that judgment can be sustained or amended in the appellate court by striking out the name of a party.

The defendant seems to have not been responsible in any way for the error. If he had an offset against Luscombe, he could not plead it against Megher & Luscombe ; and it would seem that he had a right to go to trial upon the issues tendered by plaintiff. It was the business of plaintiff to declare upon the contract which he actually made.

As, therefore, error was plainly committed against defendant, and we cannot affirm that he may not possibly have been prejudiced thereby, the judgment must be reversed.

In this case, too, we think that appellant is right in contending that there is a special reason for holding that he may have been prejudiced by the neglect to dismiss as to Megher. The verdict could not have been reached, as the figures above set out show, without disregarding the testimony of Stewart as to the amount paid by him to Luscombe's workmen on account. Stewart swears he paid to these workmen on account of Luscombe $282. Luscombe admits that Stewart paid them something, but does not know the exact amount. There is no other testimony on the subject. The jury seem to have allowed just half of the credit sworn to by Stewart. By taking the measurement of plaintiff's witnesses (which the jury must have done, or plaintiff was entitled to nothing), and giving credit for one-half the payment Stewart says he made to Luscombe's workmen, and for material furnished to Luscombe, the amount of the verdict is arrived at, with a difference so insignificant as to be accounted for by any slight error in addition. It seems quite probable, therefore, that the jury did go upon the idea that, in a suit by Megher & Luscombe against Stewart, the defendant should be allowed only one-half of the amount paid by him for Luscombe for materials, or paid Luscombe's workmen. But be that as it may, for the reasons before stated we are of opinion that the judgment should be reversed and the cause remanded, and it is so ordered. All the judges concur.