N. T. CROMWELL, Respondent, v. THE PHŒNIX INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 9, and December 7, 1891.

Insurance : OTHER INSURANCE : NOTICE BY MAIL : WAIVER. Though an insurance policy stipulated that other insurance should avoid the policy except on the written consent of the insurer indorsed

thereon and that the waiver of such stipulation must be in writing, yet, where such other insurance was taken without such written consent, and notice by mail thereof was sent to the insurer, who for ten weeks after receiving such notice made no objection thereto, the jury may infer that the insurer waived the stipulation and consented to such additional insurance.

*Appeal from the Boone Circuit Court.*—Hon. J. A. Hockaday, Judge.

Affirmed.

*J. D. Barnett*, for appellant.

(1) Proof of the mailing of a letter properly stamped and addressed does not authorize the presumption of its delivery. The copy of the alleged letter from Gentry to T. R. Burch, general agent, should have been excluded. (2) Plaintiff's third instruction practically authorizes the jury to find that proof of the mailing in the United States post-office in Columbia of a letter properly addressed and stamped is sufficient to show its delivery at Chicago to the general agent of defendant, in the face of his direct testimony that he never received the letter. There is no evidence whatever that the letter was properly directed. But, if it had been, the law allows no such presumption in the face of uncontradicted testimony.

*C. B. Sebastian*, for respondent.

(1) The controlling issue in this case was, whether the defendant had notice of the additional insurance and waived the indorsement thereof on the policy. This was an issue of fact which was found by the learned judge who tried the case, in favor of plaintiff. This find-of facts by the trial judge is binding upon the appellate court. *Handlan v. McManus*, 100 Mo. 124 ; *Conrad v. Fisher*, 37 Mo. App. 352 ; *Nichols v. Nichols*, 39 Mo. App. 291 ; *Warren & Sou v. Maloney*, 39 Mo. App. 295.

( 2 ) The case was tried by the court without a jury. The instructions only show the learned judge's view of the law as applicable to the case. The instructions given for plaintiff fairly state the law, and defendant was not prejudiced by the action of the court in giving them. Even if erroneous, the finding was the only one that could have been made consistent with the evidence, and the judgment should be affirmed. *Fitzgerald v. Barker*, 96 Mo. 661.

GILL, J.—On January 9, 1890, plaintiff Cromwell had a policy of insurance of $500 executed by the defendant Phœnix Insurance Company on a farmhouse near Columbia in Boone county. Said policy expired by its terms, November 10, 1891. On said January 9, plaintiff took out another and further policy in the like sum of $500 in the Orient Insurance Company. On March 24, 1890, the building was destroyed by fire. In proper time notice of loss was given and due proofs made, but defendant refused to pay on the policy, and on the sole ground of other insurance, without notice to and consent of defendant. In the trial of the cause, jury was waived, the issues were submitted to the court, and judgment entered for plaintiff, from which the insurance company has appealed.

The condition of the policy relied upon in defense provides that, "if the assured shall have, or shall hereafter accept, any other insurance on the above-mentioned property, whether valid or not, * * * then this policy shall be null and void." It is further provided that a waiver of this and other conditions can only be in writing, etc. Plaintiff made no proof of consent in writing by defendant, nor waiver thereof in writing, but relied on a waiver by conduct of defendant's officers and agents. Evidence in that direction tended to establish, in effect, the following: When Gentry, the agent of the Orient, wrote the additional policy for the plaintiff, he, with Cromwell, went to

defendant's agent at Columbia and requested an indorsement of consent to the additional insurance. Defendant's agent declined to make the indorsement, for the reason that he did not write the policy, but suggested to Gentry and the plaintiff that he, Gentry, write to T. R. Burch, defendant's general agent at Chicago; that it would be all right, etc. Thereupon Gentry, by the request of and for the plaintiff, wrote the letter to said general agent at Chicago, as follows :—

"COLUMBIA, Mo., January 9, 1890.

"*T. R. Burch, General Agent Phœnix Insurance Company, Chicago, Illinois:*

"DEAR SIR.—Mr. N. T. Cromwell of Boone county, Missouri, whose frame dwelling is insured in your company for $500, policy number 0234873, has this day taken out $500 additional insurance on the same property in the Orient Insurance Company of Hartford, Connecticut. I write at his request to inform you of this fact so you can make the proper entry for him.

"Yours very truly,

"N. T. GENTRY.

"P. S. I think the house is worth $1,200 or $1,300, and Cromwell is all O. K.

"N. T. G."

This letter was, according to plaintiff's evidence, properly directed, stamped and mailed on the date thereof, but Burch testifies that he never saw it, never received it. At all events, neither Gentry nor the plaintiff ever received any response. Nor was the letter ever returned to Gentry, although on the envelope were printed the words, "If not called for in ten days return to N. T. Gentry, Columbia, Mo." Upon this state of facts the trial court declared the law as follows : "3. If the jury believe that N. T. Gentry, after he had issued the additional policy of insurance to plaintiff, at the request of plaintiff, wrote a letter to T. R. Burch, the defendant's general agent at Chicago, informing him in said letter that an additional policy of insurance

had been issued to plaintiff on the property covered by the policy sued on; that said letter was properly directed and stamped and put into the United States post-office, these facts are evidence tending to show that said letter was received by defendant's said agent, and, if they find from all the evidence that said letter was received by said T. R. Burch, then the defendant had notice of the issuance of the additional policy of insurance, and if, after being so notified, defendant made no objections and took no step to cancel the policy sued on, then the court instructs you that the issuance to and receipt by plaintiff of the additional policy in the Orient Insurance Company issued after the tenth day of November, 1886, is no defense to this action, and the jury will so find.''

I.   We see no occasion for further statement of the facts, as it would seem (and defendant's counsel so admits) it was upon the facts predicated in this instruction that the court below gave judgment for the plaintiff.

Now it is manifest that plaintiff failed to show a literal compliance with the terms of his policy in regard to the securing the written assent of the company's general agent for additional insurance on his property. Under the strict rule of the older cases this would likely defeat plaintiff's action; however, as stated in May on Insurance, section 370 : "The courts have become more liberal in favor of the assured in the construction of this sort of provision, whether it be contained in the charter or in the policy. While, as we have seen, the old rule required the consent to be in writing and indorsed on the policy, it is the decided tendency of the modern cases to hold that if the notice of the additional insurance be duly given to the company or its agent, and no objection is made, the company will be estopped from insisting on a forfeiture of the policy, because their consent thereto was not indorsed, as literally required by the stipulation." May on Ins., sec. 372b ; Hamilton v. Ins. Co., 94 Mo. 369, and cases cited.

We assume then, as the court determined the issue for the plaintiff, that it was found as a matter of fact that the defendant insurance company did receive this Gentry letter which clearly informed defendant of the plaintiff's additional insurance. This letter then was received more than ten weeks before the fire occurred. If defendant meant to object there was ample time to do so. "Silence for an unreasonable time after knowledge of other insurance is a waiver." May on Ins., sec. 372b. We have considered all the points made in counsel's brief, and find in none of them any valid reason for disturbing the judgment. There is no merit in the appeal; the judgment, therefore, is affirmed. All concur.

### ON MOTION FOR REHEARING.

GILL, J.—Our opinion in this case is attacked, on motion and argument for rehearing, mainly on the ground that we make a new contract for the parties; that it was by the agreement of the insurer and insured stipulated that no additional insurance should be taken on the property except by the written assent of the company's general agent, whereas we have held that such other insurance may be taken without such consent in writing.

Defendant's counsel have put themselves on the ground formerly occupied by the supreme court of this state, rather than on the more liberal doctrine of the later cases. In *Hutchinson v. Ins. Co.*, 21 Mo. 97, defendant's contention is sustained, as it was there held that "a condition annexed to a policy of insurance that the assured shall cause any previous or subsequent insurance to be indorsed on his policy, is a condition precedent, and is not satisfied by *verbal notice* to the insurer of such other insurance." The argument was there, as here, made that, although the main purpose of the provision might be effected by a mere verbal notice of the insurance without any written indorsement upon

the policy, still, as the parties had contracted in terms how proof of such notice and consent should be manifested, the courts should not substitute any other mode of proof, etc.    This rule, however, has been materially modified in the later cases.    The *Hutchinson case* (*supra*) was expressly disapproved in *Haywood v. Ins. Co.*, 52 Mo. 181, where it was held that the courts now indulge a more liberal rule in favor of the insured.    " In these late cases," says the court, "it has been held that the condition in the policy under consideration, as well as other conditions of similar nature, may be waived by the company, and that waiver may be as well made by acts as by positive declarations, and that the company may be estopped under certain circumstances, where, by a course of dealing, or its open actions, it has induced the assured to pursue the policy to his detriment."    So the same just rule was announced in *Pelkington v. Ins. Co.*, 55 Mo. 172.    WAGNER, J., there says, " When the assured has notified the company that he has procured additional insurance, it is the duty of the company, if it does not intend to be further bound or to continue the risk, to express its dissent, and not to allow the party to repose in fancied security to be victimized in case of loss.    If a party, by his silence, directly leads another to act to his injury, he will not be permitted, after the injury has happened, to then allege anything to the contrary ; for he who will not speak when he should will not be allowed to speak when he would.    These decisions are followed and approved in the *Hamilton case*, 94 Mo. 368–9, which we cited and followed in our original opinion.    Nor do these cases have only to do with matters occurring *prior* to the consummation of the contract, as stated in this argument for rehearing.    Quite the reverse is true. They were indeed all treating of the effect of policies issued *subsequent* to the making of the policy in suit. Now we discover no reason why these decisions from our supreme court shall not settle this case in favor of

the plaintiff. The facts as found by the trial judge coincide in every substantial particular with those passed on in 94 Mo. and other cases. Defendant, through its general agent at Chicago, had notice of the additional insurance, and though no consent was entered in writing, as was provided in the policy, he yet remained silent, gave no notice of dissent or assent, and thereby led the plaintiff to believe that all was right. The company cannot now be heard in this effort to declare the policy forfeited. Motion for rehearing overruled.