Roba T. Anthony *et al.*, Respondents, v. The German American Insurance Company of New York, Appellant.

Kansas City Court of Appeals, February 8, 1892.

1. **Action**: INSURANCE: MISJOINDER OF PARTIES. An insurance policy was made to A., payable to S.,a mortgagee. *Held*, A. was a trustee of an express trust and S. the beneficiary thereof, and that either or both could maintain an action on the policy ; and a recovery by either or both would bar any further action.

2. **Insurance**: INCREASED RISK: BROOM BUSINESS. Whether the change in the occupancy of an insured building as a dwelling and grocery store by adding broom-making and storage of broom-corn, increases the risk, is a question for the jury on the law and the facts.

3. ———— : ———— : WAIVER. The insurer may waive such increased risk, and where the purchaser of a mortgage debt goes, before his purchase, to the insurance agent and notifies him of the use of the premises and inquires as to the effect thereof on the insurance, and is informed it makes no difference, and thereupon completes his purchase, the insurer waives the increased risk, if any, and is estopped to set it up against such purchaser.

| 48 | 65 |
|---|---|
| 60 | 357 |
| 48 | 65 |
| 62 | 298 |
| 48 | 65 |
| 63 | 92 |
| 48 | 65 |
| 132m | 590 |
| 65 | 159 |
| 66 | 361 |
| 48 | 65 |
| 75 | 339 |
| 48 | 65 |
| 80 | 506 |
| 48 | 65 |
| 93 | 1686 |
| 48 | 65 |
| 169s | 3 26 |
| 48 | 65 |
| 97 | 4 86 |
| 48 | 65 |
| 102 | 1 73 |

4. ——— : ——— : ——— : AGENT : STIPULATION. Where an agent has power to cancel policies for violation of their stipulations and knows of the alleged increased risk, but does not cancel the policy, there is a waiver, and this, too, notwithstanding the policy contains a stipulation that there can be no waiver of its stipulations save in writing.

5. ——— : NOTICE OF LOSS. Where the local agent of the insurer sends notice of loss and in pursuance thereof the adjuster is wired to give the matter prompt attention and within a week appears and makes an effort to settle, there is sufficient notice.

6. ——— : PROOFS OF LOSS : WAIVER. Though the proofs of loss be defective, yet, if within the time of furnishing such proofs, the insurer denies his liability on other grounds than failure to furnish such proofs, he thereby waives proper proofs.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Fyke & Hamilton*, for appellant.

(1) There is a misjoinder of parties plaintiff. The loss, if any, was payable to G. W. Shelton, mortgagee, as his interest may appear. The petition alleges that the mortgage was unpaid. The mortgage exceeded the amount of the policy ; Shelton, therefore, was the only proper party to sue on the policy. *Griswold v. Ins. Co.*, 1 Mo. App. 97–100 ; *Bartlett v. Ins. Co.*, 41 N. W. Rep. 579 ; *Megher v. Stewart*, 6 Mo. App. 498 ; *Bartges v. O'Neil*, 13 Ohio St. 72 ; *Williams v. Edwards*, 94 Mo. 447. (2) The defendant has the right to limit the authority of its agents, and, if the knowledge of this limitation is brought home to the assured, the assured is bound by limitation. *Johnson v. Ins. Co.*, 45 N. W. Rep. 799 ; *Mensing v. Ins. Co.*, 36 Mo. App. 602 ; *Hankins v. Ins. Co.*, 35 N. W. Rep. 34 ; *Smith v. Ins. Co.*, 43 N. W. Rep. 810. A provision in an insurance policy that the agents of the company shall not have authority to modify any of the conditions of the contract, or to waive forfeitures or any other limitation upon the powers

of an agent expressed in the policy is, binding on the assured. *Cleaver v. Ins. Co.*, 32 N. W. Rep. 660 ; *Cleavenger v. Ins. Co.*, 33 N. W. Rep. 313 ; *Enos v. Ins. Co.*, 8 Pac. Rep. 379 ; *Kytie v. Ins. Co.*, 144 Mass. 43. (3) The court erred in admitting in evidence the proofs of loss because they were not made in a reasonable time and for the further reason that they did not comply with the conditions of the policy in that the occupancy of the building at the time of the fire was not stated and the certificate of the notary was insufficient. Proofs of loss were not waived ; on the contrary the evidence shows that the defects in proofs were pointed out and plaintiff made no effort to remedy the defect. *Hanna v. Ins. Co.*, 36 Mo. App. 538. (4) The court erred in giving instruction, numbered 1, on the part of the plaintiffs. It is the province of instructions to submit questions of fact, not propositions of law, to a jury. *Albert v. Besel*, 88 Mo. 150 ; *Boogher v. Neece*, 75 Mo. 383 ; *Railroad v. Cleary*, 77 Mo. 634 ; *Brooks v. Ins. Co.*, 11 Mo. App. 349 ; *Burress v. Blair*, 61 Mo. 133–141. (5) Instruction, numbered 2, given on the part of the plaintiffs, is erroneous, in that it submitted to the jury the question whether the policy required of said plaintiff Anthony compliance with any conditions therein expressed. It was for the court to direct the jury what conditions the policy required assured to comply with, and not leave it to the jury to determine that question. It is the province of the court to construe the legal effect of written contracts and not the province of the jury. *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 348 ; *Miller v. Dunlap*, 22 Mo. App. 97–102 ; *Brooks v. Ins. Co.*, *supra*. (6) The third instruction given on the part of plaintiffs is erroneous and was calculated to mislead the jury ; the mere knowledge on the part of Hotchkin that the condition of the policy had been violated prior to the time that it was delivered could not be held to be a waiver of the conditions against increase of risk. Besides Hotchkin could not waive or modify any of the

conditions of the policy otherwise than by written indorsement thereon. *Day v. Ins. Co.*, 88 Mo. 325; *Hale v. Ins. Co.*, 6 Gray, 169; *Ins. Co. v. Heidrik*, 46 N. W. Rep. 481; *Hanens v. Ins. Co.*, 111 Ind. 90; *Zimmerman v. Ins. Co.*, 42 N. W. Rep. 462; *Ins. Co. v. Dwyer*, 1 Posey (Tex.) 441.

*Growney & Growney* and *T. J. Johnson*, for respondents.

(1) That there was no misjoinder of parties plaintiff. Dicey on Parties [2 Am. Ed.] 11, 152; *Travis v. Ins. Co.*, 50 Wis. 243, 244; May on Ins., sec. 449. (2) It clearly appears that the company depended upon Mr. Hotchkin as their medium of communication with Mr. Anthony in all that took place respecting said loss. He it was who notified the company of the loss, even before Anthony saw him and received a reply that the adjusting agent would be on hand in a few days to adjust loss. A few days later and the adjusting agent appeared on the ground with Mr. Hotchkin, and they worked together. They met again at Mr. Hotchkin's office. *Loeb v. Ins. Co.*, 99 Mo. 50; *Hamilton v. Ins. Co.*, 94 Mo. 353. (3) If an agent knows of the increase of risk by the carrying on of a business and waives it, he is to be held to have waived all things necessarily incident to such business. *Veile v. Ins. Co.*, *supra*; *Harper v. Ins. Co.*, 17 N. Y. 194; *Harper v. Ins. Co.*, 22 N. Y. 441; *Pindar v. Ins. Co.*, 36 N. Y. 648; *Hayward v. Ins. Co.*, 52 Mo. 190; *Pelkington v. Ins. Co.*, 55 Mo. 172. An agent who has notice of the forfeiture, but receives the premium and delivers the policy after such notice, waives the forfeiture and binds his company, on the ground that notice to the agent is notice to the principal. *Minor v. Ins. Co.*, 27 Wis. 693; *Ins. Co. v. Hall*, 12 Mich. 214; *Gans v. Ins. Co.*, 43 Wis. 108; *Barnard v. Ins. Co.*, 38 Mo. App. 106, 114; *Hamilton v. Ins. Co.*, 94 Mo. 368. (4) Where

the policy contains the provision that no agent shall
waive any of the conditions in the policy, it is a provis-
ion for the benefit of the company issuing the policy, and
may itself be waived. *Ins. Co. v. Norton,* 96 U. S. 234;
*Barnard v. Ins. Co.,* 38 Mo. App. 106, 113. (5)
Defendant contends that the court erred in admitting in
evidence the proofs of loss ; but plaintiffs contend there
was no error—notwithstanding they did not fully com-
ply with the requirements of the policy. `*Ins. Co. v.*
*Hocking,* 115 Penn. St. 407 ; s. c., 2 Am. St. Rep. 562;
*Loeb v. Ins. Co.,* 99 Mo. 50 ; *Van Schoick v. Ins. Co.,*
68 N. Y. 442 ; *Dohn v. Ins. Co.,* 5 Lans. 278 ; *Solomon*
*v. Ins. Co.,* 10 John. & S. 25 ; *Brink v. Ins. Co.,* 80
N. Y. 108, 111 ; *Goodwin v. Ins. Co.,* 73 N. Y. 493 ;
*Prentice v. Ins. Co.,* 77 N. Y. 489 ; *Breckenridge v. Ins.*
*Co.,* 87 Mo. 78 ; *O'Connor v. Ins. Co.,* 31 Wis. 160, 165 ;
*Weber v. Ins. Co.,* 35 Mo. App. 521 ; *Trans. Co. v. Ins.*
*Co.,* 34 Conn. 561 ; *Russell & Co. v. Ins. Co.,* 55 Mo.
585 ; *Maddox v. Ins. Co.,* 39 Mo. App. 198 ; *LaForce v.*
*Ins. Co.,* 43 Mo. App. 578 ; *Palmer v. Ins. Co.,* 44 Wis.
201, 308 ; *Maddox v. Ins. Co.,* 39 Mo. App. 198.


GILL, J.—This action is based on a fire insurance
policy for $1,000, issued by defendant December 10, 1888,
covering a building in M.ryville, Missouri, then owned
by one Cooper. The policy was made to Cooper with
stipulation that loss, if any occurring, should be pay-
able to one Ford, who then held a mortgage of $1,200 on
the property. A few days thereafter Cooper sold and
conveyed the building and lot to the plaintiff Anthony,
who with consent of the defendant took a transfer
of the policy. In the month of April following, Ford,
the mortgagee, assigned the mortgage to plain-
tiff Shelton, and the defendant thereupon indorsed
upon the policy loss, if any, payable to said
Shelton. So then when the building was destroyed

by fire, August 27, 1888, the policy stood in the name of Anthony, with loss payable to Shelton, mortgagee.

The matters of defense, as set out in the answer, consist of : *First*, that there is a misjoinder of parties in the action ; *second*, that a portion of the building was used as a broom factory and for the storage of broom-corn contrary to that provision of the policy quoted : "If the risk be increased by any means without the consent of this company written in, this policy shall be void;" *third*, that the notice and proofs of loss were not furnished as required by the policy, and, *fourth*, that the assured failed to furnish when required, the plans and specifications of the building as provided for in said policy.

The reply admits the existence of the provision in the policy as to increased risks, as alleged in the answer, but denies that the manufacture of brooms in the building constituted such increased risks, and pleads further knowledge by the defendant of such use, and that, therefore, it is now estopped to claim any such defense. The issues were tried by jury, verdict and judgment for plaintiffs, and defendant appealed.

I.   We consider the different defenses in the order set out in the answer: *First*, as to claim of misjoinder of plaintiffs in the action.   There is no merit in defendant's contention.   Anthony, at the date of loss, was, in effect, a party to the contract of insurance, but it stood for the *benefit* of Shelton, the mortgagee.   Anthony then was, so long as the mortgage debt remained unsatisfied, trustee of an express trust, while Shelton occupied the place of one for whose benefit a contract was made.   Under the provisions then of our code either or both could prosecute the action.   *Megher v. Stewart*, 6 Mo. App. 500 ; *Harney v. Dutcher*, 15 Mo. 93 ; *Rogers v. Gosnell*, 51 Mo. 466.   A recovery by either or both would bar any further action on the policy.   *Rogers v. Gosnell, supra.*

II. *Next,* was the policy avoided by the use of a portion of the building in the manufacture of brooms? The occupancy of the building, when the policy was taken out, was said to be as "dwelling and grocery store." Now the stipulation relied on by the defendant company is this: "This policy shall be void if the risk be increased by any means without the consent of this company written hereon." It is claimed that the broom-making business, thus carried on, was an *increase of risk*, and as the insurer did not consent thereto in writing the policy became void. Plaintiffs, on the other hand, deny that the business thus conducted by the occupant of the building increased the risk; and further, even if it was an increase of risk, that defendant waived this condition of the policy.

On the defense the court instructed the jury as fellows, this at the instance of defendant: "The court instructs the jury it is provided in and by said policy, that, if the risk be increased by any means without the consent of the company written on said policy, said policy should be void. You are instructed that such condition is a valid condition; and if you find from the evidence that after said policy was delivered assured used a portion of said premises as a broom factory, and stored in a portion of said premises broom-corn, without defendant's consent, and the premises were so used at the time of the fire, and that thereby said risk was increased, you will find for the defendant." And on the part of the plaintiffs the court, in effect, told the jury that even though they should find that Anthony's broom business may have added to the risk, yet if defendant's agent had notice thereof, at the time, and further if before plaintiff Shelton purchased the mortgage, and took an assignment of the beneficial interest in the policy, he went to the company's agent and notified said agent of the business there carried on and asked if there was any objection thereto, or if it was such a business as was prohibited by the policy,

and if said agent assured him ( Shelton ) that it was not and would not avoid the policy ; and if acting thereon plaintiff bought the note and mortgage and took a transfer of the beneficial interest in the policy, then the existence of said broom-making was no defense to the action.

The jury as to this issue, then, may have found for the plaintiffs on either of two hypotheses, to-wit :   That the business   thus conducted by Anthony did not increase the risk, or, even if it did, yet defendant was estopped by its conduct or consent from complaining thereof.   As to the question whether there was an increase of risk it was the province of the jury to determine.   If they found no increase of risk they were supported therein by the evidence.   It appears that the broom-making business was conducted in the basement of the building ; that Anthony operated a small hand machine, making brooms to a very limited extent, and the business was so insignifiant that the jury might well conclude that the increase of risk was quite imperceptible. But in addition to this there was ample testimony tending to prove the facts upon which an estoppel could be based.   When plaintiff Shelton sought the purchase of the mortgage on the property he was in advance lulled to security by defendant's agent.   He was told by the agent that the broom business did not impair the insurance ; that it was a " one-horse affair," and amounted to nothing, etc.   The defendant then after having full knowledge of the character of the business there conducted, continuing to recognize the existence of the policy and by its conduct inducing others to invest their money on the faith thereof, cannot now be heard to set up such matter to defeat the policy.   " If a party by his silence directly leads another to act to his injury, he will not be permitted after the injury has happened, to them allege anything to the contrary, for he who will not speak when he should will not be allowed to speak when he would." *Cromwell v. Ins Co.*, 47 Mo. App. 109, and cases there cited.

There is no doubt as to the power of the agent in this instance. He testifies that he had authority even to take up and cancel policy for violations of the conditions. Paraphrasing then the text of SHERWOOD, J., in *Hamilton v. Ins. Co.*, 94 Mo. 368, we may say here that if he (Hotchkin) as such agent had notice of the occupancy of this building and the business there conducted, and took no steps to cancel the policy in suit, then the fact of such business would constitute no defense to plaintiffs' action on the policy, and this upon the familiar principle that notice to the agent is notice to the principal, and what the agent waives the principal cannot afterwards insist upon. It matters not that the policy may stipulate that such consent or waiver can only be by writing indorsed on the policy. In such circumstances, failure of literal compliance with the stipulation in the policy will not be allowed to work a forfeiture, and the company is held estopped from making such a claim. *Hamilton Case*, 94 Mo. 368-9. Neither is there any impediment to waiving a stipulation as to a waiver. *Barnard v. Ins. Co.*, 38 Mo. App. 113; *Ins. Co. v. Norton*, 96 N. S. 240.

III. Defendant has no just cause to complain of want of notice. It seems that when the fire occurred August 27, 1889, the assured Anthony was absent. He returned, however, three days thereafter and forthwith went to the local agent and advised with him as to the notice. Anthony was then and there told by the agent that he (the agent) had already reported the loss to the company and "that was all there was to do." The company received the notice from its local agent two days after the fire and forthwith acknowledged receipt thereof, stating too that the adjuster had been wired to give prompt attention to the matter. And, on September 3 (just a week after the fire), the adjuster appeared, was introduced to Anthony, and, after examining the premises and interrogating the assured, made an effort to agree with Anthony as to the amount. The

notice was all sufficient under the ruling of the supreme court in *Loeb v. Ins. Co.*, 99 Mo. 50.

IV.    As to the matter of proofs of loss the court ( and properly too ) advised the jury that the plaintiff Anthony had failed to furnish those in terms required by the policy ; and the direction of the court was to find for the defendant on that account, *unless* within the time the proof should have been furnished the defendant denied liability on other grounds than failure to furnish said proofs.    Since then the jury returned a verdict for the plaintiff, the conclusion is that they found the fact to be· that defendant did, within the time the proofs were required, deny its liability on other grounds. This was a correct exposition of the law, and the testimony sustains the jury's finding.    The evidence tends to prove that from the day when the adjuster first appeared at the ruins to investigate the circumstances of the loss defendant assumed the attitude of non-liability, for the reason and that alone, that Anthony had conducted the broom-making on the premises.    And in such case the courts hold the insurance company will be deemed to have waived proofs of loss.

We have considered every point urged against the judgment of the circuit court, but deem it unnecessary to further extend this opinion in discussing other minor matters.    There is no substantial reason for disturbing the judgment, and it is,· therefore, affirmed.    All concur.