HENRY J. BURRIS, Respondent, v. PHOENIX INSURANCE COMPANY OF BROOKLYN, Appellant. .

St. Louis Court of Appeals, February 4, 1896.

**Insurance, Fire:** LOSS PAYABLE TO MORTGAGEE: CANCELLATION OF POLICY. A policy of fire insurance issued to a mortgagor contained a provision that the loss, if any, should be payable to the mortgagee, but that the insurance company should be entitled to cancel the policy on ten days' notice to the mortgagee. The stipulated notice of cancellation was given to the mortgagee, and thereon the policy was surrendered by him and canceled. Subsequently, a loss occurred. *Held,* that the mortgagor was bound by the cancellation.

*Appeal from the Wright Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*E. H. Stewart* and *Fyke, Yates & Fyke* for appellant.

*Thos. H. Musick* for respondent.

ROMBAUER, P. J.—The plaintiff's petition states that in March, 1890, he contracted a loan of $400 from the Missouri Trust Company, and secured it by mortgage on certain premises; that as further security for the loan he at the same time insured in the defendant company, for a period of five years, the dwelling house and barn standing on the premises mortgaged; that the barn was of the value of $300, and insured for that amount; that it was destroyed by fire on the twenty-ninth of July, 1893; that plaintiff gave notice and proofs of loss to the defendant and demanded payment, and that payment was refused, wherefore he sues. Touching the contract of insurance the petition

states that it was one made by the plaintiff' for the benefit of the trust company, and that the defendant agreed that, in case of loss, it would pay its amount to him for the benefit of the trust company.

The answer admits the execution of the policy mentioned in the petition, but avers that by its terms any loss thereunder was payable to the Missouri Trust Company in conformity with a mortgage clause which was attached to the policy at the date of its issue. The answer further states that by said clause the defendant reserved the right to cancel said policy on giving ten days' notice to the trust company; that it exercised this right on the second of November, 1892, by giving the required notice, whereupon the trust company, which was the legal holder of the policy, surrendered the same for cancellation, and it was canceled. The answer further states that the mortgage debt, to secure which the policy was issued, was unpaid at the date of the destruction of the barn by fire. The answer also pleaded in abatement the nonjoinder of the trust company as a party plaintiff, and some other defenses in bar, which need not be noticed.

The cause was tried before a jury. At the close of the plaintiff's evidence, and at the close of the entire case, the defendant offered an instruction that under the pleadings and evidence the plaintiff could not recover. These instructions were refused. The jury found a verdict for the plaintiff, and the refusal of these instructions constitutes the defendant's main assignment of error.

The policy sued on was not offered in evidence, nor was any evidence of its contents given. The answer admits the execution of the policy, but does not admit that any loss thereunder was payable to the plaintiff; on the contrary it avers that all loss thereunder was payable to the Missouri Trust Company.

This fact of itself would seem to be fatal to plaintiff's recovery, as the plaintiff gave no substantial evidence of the contract which is the foundation of his right of recovery.

The defendant gave in evidence the mortgage clause which is mentioned in its answer, and which, among others, contains the following clauses: "Loss, if any, payable to the Missouri Trust Company, or assigns, mortgagee, as hereinafter provided. * * * It is, however, understood that this company reserves the right to cancel this policy, as stipulated in the written conditions therein, on giving ten days' notice to said Missouri Trust Company." The defendant then proved that said clause was attached to the policy when issued; that it gave written notice of cancellation of the policy to the trust company on the second day of November, 1892, with a request to return the policy; that the trust company returned the policy on the fourth of November, 1892, to the defendant's agent, requesting him to underwrite the risk in some other good company, and that the defendant's agent thereupon cancelled the policy. The defendant also gave evidence tending to show that the plaintiff was advised of this cancellation. This, however, we deem immaterial, as there is no evidence in the record of any contract between the plaintiff and defendant.

The authorities are not uniform on the proposition whether a mortgagor who insures his property, loss payable to the mortgagee, can sue upon the policy alone as trustee of an express trust, although the loss is less than the amount of the debt remaining unpaid. There is an intimation to that effect in *Anthony v. Insurance Company*, 48 Mo. App. 65, but the point was not involved in the decision, since in that case both the mortgagor and mortgagee joined as parties plaintiff in the action, which all the authorities concede may

be done. It has been decided, both here and elsewhere, that the mortgagee in such a case may sue alone as beneficiary of the contract (*Griswold v. Insurance Company*, 1 Mo. App. 97; *Rogers v. Gosnell*, 51 Mo. 466; *Hammel v. Insurance Company*, 50 Wis. 240; *Grosvenor v. Ins. Co.*, 17 N. Y. 391; *Chamberlain v. Insurance Company*, 55 N. H. 249); but it has never been decided, nor could it be on any rational theory, that a mortgagor may maintain an action as a trustee of an express trust, where the beneficiary has neither claim nor cause of action. That is the case presented by the record in this case. The uncontradicted evidence discloses the right of the defendant to cancel the policy upon notice to the beneficiary; that the policy was thus canceled, and that the beneficiary whose demand against the mortgagor was wholly unpaid, consented to the cancellation and surrendered the policy, which was in its possession from the date of its issue. It will be thus seen that the uncontroverted facts furnish no basis for the recovery herein.

All the judges concurring, the judgment is reversed and the cause remanded.