W. M. Montgomery et al., Respondents, v. Lebanon
Town Mutual Fire Insurance Company,
Appellant.

St. Louis Court of Appeals, May 9, 1899.

1. **Practice, Trial:** CHANGE OF VENUE: APPEARANCE.    In the case at
bar the defendant could not have been compelled to answer to the
action brought elsewhere, but it does not follow that the voluntary
appearance of the defendant in another court would not confer com-
plete jurisdiction on that court to try the case.

2. **Fire Insurance:** ACTION FOR DAMAGES: WAIVER: ESTOPPEL. The
authority of an agent to solicit insurance carries with it, by legal
implication, the right to fill up applications and to do all other things
necessary to the proper and full discharge of the business in hand.
Held, that if the assured communicates to the soliciting agent the
true facts concerning the property, its title, etc., and he signs an
application believing it to represent the true facts; or if the agent
assure him that the matter disclosed is of no consequence, and that a
correct answer in reference thereto is not material, such statements
in the application are regarded as having been made by the company
itself and it is estopped to deny their truth, with a view of avoiding
liability under the policy.

*Appeal from the Webster Circuit Court.*—Hon. Argus
Cox, Judge.

Affirmed.

Montgomery v. Ins. Co.

J. L. Newhouse, J. P. Nixon and W. I. Wallace for respondents.

The appellant can only obtain relief on grounds of error made from abstract of record. Coy v. Robinson, 20 Mo. App. 462; Cuomo v. St. Joseph, 24 Mo. App. 570; Shaw & Co. v. Bryan, 39 Mo. App. 523. The appellate court looks alone to the abstract for its guidance and it stands in place of the record and the court will not in such cases go into the record to fish out those matters necessary to a full understanding of questions presented for its decision. Hyoll v. Wolf, 22 Mo. App. 200; Merritt v. Central Trust Co., 46 Mo. App. 236; In re Redding Bros., 24 Mo. App. 637; Trimble v. Waterman, 62 Mo. App. 548. The abstract in case at bar is certainly worse than Isaac v. Lumber Co., 47 Mo. App. 30. Transcript must contain all the evidence. When evidence bearing on any of the rulings of trial court is omitted, such ruling will not be reviewed. Kern v. Pfaff, 44 Mo. App. 29; Merritt v. Central Trust Co., 46 Mo. App. 237; Spence v. Crow, 47 Mo. App. 321. No bill of exceptions having been filed in circuit court of Laclede county appellant's collateral attack of jurisdiction will be permitted. Squires v. Chillicothe, 89 Mo. 232; Clements v. Greenwell, 40 Mo. App. 594; State v. Ware, 66 Mo. 332; Stearns v. Railroad, 94 Mo. 317; State v. Gamble, 119 Mo. 430; State v. Dodson, 72 Mo. 283. Appellant appeared and went to trial in Webster county without objection; this gave that court jurisdiction and his objections now come too late. Powers v. Browder, Adm'r, 13 Mo. 154; Fields v. Malony, 78 Mo. 179; Speer v. Burlingame, 61 Mo. App. 95; Stearns v. Railroad, 94 Mo. 317; Moore v. Railroad, 51 Mo. App. 504.

J. T. Moore and J. W. Farris for appellant.

This is an action on a fire insurance policy for a loss alleged to have occurred in Laclede county, hence it can not

be regarded as a transitory action, and the jurisdiction was confined to Laclede county, or some other county, where the defendant company had an agent, which should affirmatively appear in the pleadings. Hence the jurisdiction did not belong to Webster county and that court had no authority to try the cause and the judgment was rendered *coram non judice*. Collier v. Wilson, 56 Mo. App. 420; Bray v. Marshall, 66 Mo. 122; Fields v. Maloney, 78 Mo. 176. The court, in which application for change of venue is made, does not lose jurisdiction of the cause by the mere fact of the application, but it is the order granting the change of venue which divests it of jurisdiction, and confers it upon the court to which the change is granted. Collier v. Wilson, 56 Mo. App. 420; Whitson's Estate v. Whitson, 89 Mo. 58. The record does not show that a change of venue was ordered. The application for a change of venue was based on the prejudice of the judge, and the order does not change the venue, or name any other circuit, but simply directs the clerk to send a transcript of the record and proceedings to the Webster county circuit court. That court was not invested with jurisdiction, as there is no award of venue by any action of the circuit court of Laclede county. Collier v. Wilson, 56 Mo. App. 420; Dodson v. Scruggs, 47 Mo. 285; Ewing v. Brooks, 69 Mo. 49; Wernse v. McPike, 86 Mo. 569; Devore v. Steckler, 49 Mo. App. 547. The petition failed to allege ownership of property at time the policy was issued, or at time of fire, and was fatally defective, and failed to plead reasons why no arbitration was had as to amount of loss. * * * Plaintiffs could not even amend after the introduction of evidence. Clevenger v. Ins. Co., 71 Mo. App. 73; Harness v. Ins. Co., 62 Mo. App. 245; Scott v. Ins Co, 65 Mo. App. 75.

BIGGS, J.—This is an action on a policy of fire insurance, which was alleged to have been issued by the defendant. The plaintiffs averred that the policy was burned; that they

were named as beneficiaries therein; that they were the joint owners of the land upon which the house was located and of the personal property insured; that the property was completely destroyed by fire during the life of the policy; that due proofs of loss had been furnished, and that the defendant had refused to pay the loss. Many defenses were interposed. The trial resulted in a verdict and judgment for plaintiff. The defendant has appealed. In this court its counsel insist, first, that the circuit court of Webster county was without jurisdiction to try the case; second, that at the time the policy was issued there was other insurance on the property which the plaintiff failed to disclose; third, that the title to the land upon which the house was situated was misrepresented; and, fourth, that there was no arbitration of the loss, which under the terms of the contract was a condition precedent to the right to maintain an action on the policy.

The defendant is a local or "farmers" insurance company. Its only office is in Laclede county. The property insured was located in Laclede county, and this suit was originally instituted in the circuit court of that county. The defendant appeared to the action as originally brought and on its affidavit, which was based on the alleged prejudice of the judge, the circuit court of Laclede county attempted to change the venue of the cause to the circuit court of Webster county. The defendant appeared to the action in the latter court and engaged in the trial. It is now claimed by its counsel that the order of the Laclede county court was insufficient to effectuate a change of venue, and that by reason of this the circuit court of Webster county did not acquire jurisdiction of the cause, and that jurisdiction thereof could not be conferred by consent. The order for the change of venue is informal, but we are not prepared to say that it is void. The order reads: "Now coming on to be heard the application for change of venue heretofore filed, after being seen and fully understood, by the court is sustained. It is therefore consid-

ered, ordered and adjudged by the court that the clerk of this court make out and transmit to the circuit clerk of Webster county, Missouri, a true, full and complete transcript of the proceedings and record entries with a certified copy of the application for change of venue in this cause without unnecessary delay." But if we should concede the invalidity of this order the defendant's case would not be helped. It is true as counsel argue that the action was properly brought in the circuit court of Laclede county (R. S. 1889, sec. 2529), and that the defendant could not have been compelled to answer to the action brought elsewhere but it does not follow that the voluntary appearance of the defendant in another court would not confer complete jurisdiction on that court to try the case. Powers v. Browder, 13 Mo. 154; Fields v. Maloney, 78 Mo. 179; Speer v. Burlingame, 61 Mo. App. 95; Moore v. Railroad, 51 Mo. App. 504. This case is distinguishable from that of Collier v. Wilson, 56 Mo. App 420. That case originated before a justice of the peace in Camden county. It was appealed to the circuit court of that county. During the vacation of court the clerk thereof sent the papers to the circuit clerk of Laclede county, where it was subsequently tried. The record did not show an order for the transfer of the case. We held that the circuit court of Laclede county acquired no jurisdiction of the subject matter of the suit by reason of the attempted transfer, and that the action could not be treated as a new suit in the circuit court of Laclede county by reason of the appearance of the defendant in that court, because the amount sued for was below the original jurisdiction of the circuit court.

In their application for the insurance the plaintiffs represented that there was no other insurance on the property. There was evidence that this representation was false. By the terms of the policy the representations in the application were made warranties. The evidence of the plaintiffs was to the effect that the secretary of the defendant company solicited

the insurance and prepared the application; that the facts concerning other insurance was communicated to him; that he said that the insurance was invalid, and that he thereupon wrote the answer to the question. On the one hand the plaintiffs insisted that if their testimony was true, the defendant was estopped to plead a breach of the warranty, and the court so instructed. On the other hand the defendant insisted and proved at the trial that the person who procured the insurance acted in the dual capacity of secretary of the company and solicitor of insurance; that he acted in the latter capacity, and that in that capacity he had no power under the policy to waive any of its conditions, and further that the alleged waiver was not indorsed on the policy. The policy contains the following provisions: "If there shall be any other insurance, whether valid or otherwise, on the property insured, or any part thereof, at the time this policy is issued, or any time during its continuance, without the consent of the company written hereon * * * this policy shall be void. And it is further expressly covenanted by the parties hereto that no officer, agent or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing." Under the rule in this state the latter provisions in policies is not literally enforced. It is held that the indorsement of a waiver is not absolutely essential to avoid a forfeiture (Jenkins v. Ins. Co., 58 Mo. App. 210). The remaining question is whether the person who solicited the insurance had authority to waive the condition as to other insurance. Even though we treat him as a solicitor of insurance merely, we are of the opinion that he had authority to do so, since there is nothing in the policy prohibiting him from doing so, nor does the policy vest such power in a particular officer of the company. The authority of an agent to solicit insurance carries with it by legal implication the right to fill up applications and to do all other things necessary to the proper and full discharge

of the business in hand.   Carrying out this principle it is the established law in this state that if the assured communicates to the soliciting agent the true facts concerning the property, its title, etc., and he signs an application believing it to represent the true facts; or, if the agent assures him that the matter disclosed is of no consequence, and that a correct answer in reference thereto is not material, such statements in the application are regarded as having been made by the ESTOPPEL.    company itself, and it is estopped to deny their truth with a view of avoiding liability under the policy.   Combs v. Ins. Co., 43 Mo. 148; Franklin v. Ins. Co., 42 Mo. 456; Breckenridge v. Ins. Co., 87 Mo. 62; Barnard v. Ins. Co., 38 Mo. App. 106; Roberts v. Ins. Co. 26 Mo. App. 92; Hubbard v. Ins. Co., 57 Mo. App. 1; Wolf v. Ins. Co., 75 Mo. App. 337; Anthony v. Ins. Co., 48 Mo. App. 65.   The case at  bar is distinguishable from Jenkins v. Ins. Co., *supra,* in that the assured there predicated a waiver on the knowledge and acquiescence of the local soliciting agent as to insurance taken out long subsequent to the issue of the policy, which presents quite a different question.   With that act of the assured the local agent had no connection whatever.   As to that risk his duty as agent had long since ceased.

As to the objection that the plaintiffs failed to seek an arbitration of the loss before commencing their suit, it is sufficient to say that the defendant denied all liability under the policy, hence there was nothing to arbitrate.   Where an insurance company denies liability upon grounds other than defects or insufficiency in the notice of proofs of loss the arbitration clause in the policy is inoperative.   In such a case an offer to arbitrate would be vain and useless.   LaForce v. Ins. Co., 43 Mo. App. 518; Anthony v. Ins. Co., 48 Mo. App. 65; McNees v. Ins. Co., 61 Mo. App. 335; Dautel v. Ins. Co., 65 Mo. App. 44.   The judgment of the circuit court will be affirmed. All concur.