BURNHAM, HANNA, MUNGER & COMPANY, Appellants, v. GREENWICH INSURANCE COMPANY, Respondents.

Kansas City Court of Appeals, February 19, 1894.

Insurance: WAIVER OF STIPULATION: WRITING. Even though a policy of insurance may require the assent to further insurance to be evidenced by writing, and though there shall be further provision that such condition shall only be waived in writing, or indorsed on the policy, yet such conditions can be dispensed with by the insurer or its agent by oral consent as well as by such writing on the policy.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellants.

The question is whether the clause of the policy that a waiver of its provisions could only be made in

writing, can not itself be waived by the company. The authorities are almost unanimous that the company can not so tie its own hands, and notwithstanding the company says it will waive only in writing, it is an injustice, after the company has waived in a different manner, to permit the company to profit by its own wrongdoing. *Barnard v. Ins. Co.*, 38 Mo. App. 113; *Ins. Co. v. Norton*, 96 U. S. 240; *Cromwell v. Phenix Ins. Co.*, 47 Mo. App. 109, 113, 116; *Anthony v. Ins. Co.*, 48 Mo. App. 65, 73; *Wilkinson's Case*, 13 Wall. 222; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Barnard v. Ins. Co.*, 38 Mo. App. 106, 113; *Hayward v. Ins. Co.*, 52 Mo. 180, 196; *Pelkington v. Ins. Co.*, 55 Mo. 172, 176, 177, 178; *Franklin v. Atlantic Ins. Co.*, 42 Mo. 456, 461; *Ins. Co. v. Norton*, 96 U. S. 234, 240; Richard on Ins., sec. 73; 2 May on Ins., sec. 497; 2 Wood on Ins., sec. 382; *Morrison v. Ins. Co. of N. Am.*, 69 Tex. 353; *Ins Co. v. Earle*, 33 Mich. 143, 153; *Ins. Co. v. Shea*, 6 Bush, 174; *Ins. Co. v. McCrea*, 8 Lea, 513; *Ins. Co. v. Parsons*, 42 Minn. 352; *Lamberton v. Ins. Co.*, 39 Minn. 129; *Weed v. Ins. Co.*, 116 N. Y. 106, 117; *Carroll v. Ins. Co.*, 72 Cal. 297, 301; *Pitney v. Ins. Co.*, 65 N. Y. 6, 23.

*Warner, Dean & McLeod* for respondent.

The assured, by accepting, becomes bound by every condition and provision of the policy, and can not claim a waiver on the part of the company of any of the conditions or provisions unless such waiver be made in the manner aforesaid by the terms and conditions of such policy; and any breach of any of the terms, conditions or provisions of the policy, unless waived in the manner provided by the terms and conditions of the policy, avoids the same and the insurance company is

not liable thereon. The parties had clearly the right to so contract, and when limitations are placed upon the powers of the agent and these limitations explicitly appear in the contract entered into by the parties, both parties are bound by them, and no good reason or authority exists why this should not be so. *Shoup v. Ins. Co.*, 51 Mo. App. 286; *Mensing v. Ins. Co.*, 36 Mo. App. 602; *Barnes v. Ins. Co.*, 30 Mo. App. 539; *Ins. Co. v. Heiduk*, 46 N. W. Rep. 481; *Cleaver v. Ins. Co.*, 32 N. W. Rep. 660; *Allen v. Ins Co.*, 123 N. Y. 6; *Hill v. Assurance Cor.*, 12 N. Y. Supp. 86; *Kyte v. Ins. Co.*, 144 Mass. 46; *Lugg v. Ins. Co.*, 3 S. E. Rep. (N. C.) 732; *Kempf v. Ins. Co.*, 41 Mo. App. 27; *Deitz v. Ins. Co.*, 38 Mo. 85; *Leigh v. Ins. Co.*, 37 Mo. App. 542; *Robinson v. Fire Ass'n*, 29 N. W. Rep. (Mich.) 521; *Bosworth v. Cleary*, 49 N. W. Rep. 750; *Hess v. Ins. Co.*, 11 N. Y. Supp. 299; *Golden v. Assurance Co.* 49 N. W. Rep. (Minn.) 246; *Quinlan v. Ins. Co.*, 133 N. Y. 356; *Walsh v. Ins. Co.*, 73 N. Y. 10; *O'Brien v. Ins. Co.*, 134 N. Y. 28; *Baumgartel v. Ins. Co.*, 136 N. Y. 547.

GILL, J.—On October 1, 1891, the defendant, through its agent, issued to Poole & Gulager a policy of fire insurance for $1,500 covering their stock of goods and building at Adair in the Indian Territory. On July 31, 1892, and during the apparent life of the policy, the building and goods were totally destroyed by fire. Plaintiffs became owners of the policy by assignment from Pool & Gulager; and after due notice and proofs of loss were made, this suit was brought.

The main defense is based on an alleged violation of the following condition of the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any

other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy." And further on this provision occurs: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

It appears that subsequent to the issue of the defendant's policy, Poole & Gulager secured further insurance in another company, but consent thereto was not indorsed on defendant's policy. But there was evidence tending to prove that shortly after said additional insurance was taken out, and before the fire occurred, Poole and Gulager informed defendant's agent of such other insurance and that no objection was made thereto.

At the close of plaintiff's evidence the court sustained a demurrer; plaintiffs submitted to a nonsuit and brought the case here by appeal.

In considering the propriety of the circuit court's action in sustaining a demurrer to plaintiff's evidence, we must of course treat the case as conceding the existence of every fact which such evidence reasonably tended to prove. There was then a contract whereby the defendant company agreed, in consideration of the

premium paid, to indemnify plaintiff's assignors to the extent of $1,500 for the loss that might occur on account of fire to their storehouse and goods. A fire did occur and a loss resulted. Thus far, there was a *prima facie* liability on the part of the defendant to make good the damages thus done the assured to the extent of $1,500, the amount promised. But the policy in effect provided, that said obligation to indemnify should be null and void if the assured should at any time take out further insurance without the written consent of defendant company indorsed on its policy, and that such condition could only be waived by writing indorsed or annexed to said policy. There was no such written indorsement of consent to further insurance, nor was there any writing indorsed or annexed to the policy, showing any waiver of this condition. There was, however, such testimony as tended to prove an *oral* waiver of the above condition, in that defendant's agent having apparent charge of its business in that section, was by the assured notified of such further insurance and he made no objection, but tacitly assented thereto.

On this state of facts, following *Cromwell v. Phenix Ins. Co.* (47 Mo. App. 109) and authorities there cited, we must hold that the trial court erred in turning the plaintiffs out of court. After a full and careful consideration of the numerous authorities then and there cited and pressed in argument by able counsel (and which, too, were reconsidered on motion for rehearing) we held, that though an insurance policy stipulated that other insurance should avoid the policy, except on the written consent of the insurer indorsed thereon, and that waiver of such stipulation must be likewise in writing, etc., *yet* where such other insurance was taken without such written consent, but the assured gave notice of such additional insurance and the defendant

company made no objection thereto within a reasonable time, its consent ought to be presumed and it would be estopped from insisting on a forfeiture of the policy because such consent or waiver was not indorsed, as literally required by the terms of the policy.

As well said in a late work: "Any forfeiture or any condition of the policy inserted for the benefit of the insurers, even those stipulations which provide that there shall be no waiver, or that no waiver shall be made except in a certain manner, as by writing, or that certain classes of persons shall be deemed to have no authority to waive—may be waived by the insurers through such representatives as in fact have the requisite authority. This is put upon the ground that parties having power to make a contract have power by mutual consent to abrogate or alter it to any extent at their pleasure unless restrained by statute." Richard on Insurance, sec. 73.

And by another well known author it is said: "An agent of an insurance company authorized to make and revoke contracts for insurance, is the proper person to give consent to additional insurance, and notice to him is notice to the company, unless there is an express provision in the policy as to whom notice shall be given, and when notice is so given the company cannot, by neglecting to assent to, or dissent from such additional insurance, and thus putting the assured off his guard, subsequently set up such additional insurance as a breach of the conditions of the policy. They are treated as having assented thereto, and as having waived strict compliance with the conditions." 2 Wood on Ins., sec. 382.

These agents of nonresident insurance companies will be deemed to have such general authority to receive and act upon notices of further insurance

(unless their authority is expressly limited by notice brought home to the assured, as was the case in *Mensing v. Ins. Co.*, 36 Mo. App. 602), for it is to them the assured looks in all cases; he knows no other person in the transaction, and as to the assured such general agent is the company itself.

Among the numerous authorities cited by council, we have been particularly impressed with the reasoning of the supreme court of Minnesota in treating a case similar to that at bar. The stipulation contained in the policy was substantially the same as here, to-wit: "No officer, agent or representative of this company shall be held to have waived any of the terms and conditions of this policy unless such waiver shall be indorsed in writing." There the local agent had knowledge that the house was vacant, but there was no other notice to the company, nor was there any waiver indorsed on the policy as required by the terms thereof. It was, too, contended there, as here, that the power of the agent to bind his principal was so restricted by the foregoing provision that he could not bind the company by a waiver, except by writing indorsed on the policy. The court uses this language: "The restriction here is so broad that it applies alike to every 'officer, agent or representative of this company,' and as a corporation can only act through such agencies, the substance of the provision under consideration is, that the company shall not be held to have waived any of the terms or conditions of the policy, unless its waiver be expressed by a written indorsement on the policy. That is to say, in other words, that one of the parties to a written contract, which is not required by law to be in writing, cannot, subsequent to the making of the contract, waive, by parol agreement, provisions which had been incorporated in the contract for his benefit. A contracting

party cannot so tie his own hands, so restrict his own legal capacity for future action, that he has not the power, even with the assent of the other party, to bind or obligate himself by his further action or agreement contrary to the terms of the written contract. *Ins. Co. v. Earle*, 33 Mich. 143. This is self-evident. The clause of this policy relied upon, as expressly restricting the power of the agent whose conduct is here in question, is of that character. If it is effectual at all, as a limitation of the power of future action, it limits the power of every agent, officer and representative of the company, and hence, practically, that of the corporation. It is no more applicable to this particular agent than to all of those to whom the conduct of the affairs of the corporation is committed. In that broad scope, and as applicable to all the representatives of the corporation, it cannot be enforced so as to render inoperative such subsequent action or agreement of corporate agents as would, if it were not for this clause in the contract, be deemed the effectual action or agreement of the corporation. A more restricted application of this clause, making it to refer to this particular agent, or to any particular class of agents or officers, cannot be made, nor can the clause in the former part of the above extract from the policy, as to the effect of vacancy "without notice to the company and consent indorsed hereon," be construed as a limitation upon the power of any particular agent or class of agents. If it applies to any agent or officer, it does to all; and if such a stipulation is not effectual to limit the legal capacity of the corporation as to its future action, it does not limit its capacity to act by its agents. The company, then, was legally capable, acting through its proper agents, of waiving its right to treat the policy as of no further binding force by reason of the vacancy; and it could also

waive compliance with that part of the same provision which related to the consent being indorsed on the policy. Confessedly, the agent whose conduct is in question, had authority to give such consent by indorsing the same upon the policy. When in negotiating upon this subject with the assured, he did consent, as is established by the verdict of the jury, he was acting as the agent of the company. His action was the action of the company; and the insured having been led to understand, as the agent seems to have done, that the contract should remain in force until further action should be taken, the company is now estopped, as by its own conduct, to claim the contrary." *Lamberton v. Fire Ins. Co.*, 39 Minn. 129.

But it serves no useful purpose to further discuss the numerous decisions which have been announced *pro and con* on the question here at issue. The authorities have been collated with much commendable industry and patience by counsel on both sides, and we content ourselves by a simple reference to these very able briefs. And notwithstanding there is serious conflict in the decided cases, a large perponderance of authority will be found in favor of the proposition, that even though the policy may require the assent to further insurance to be evidenced by writing, and though there shall be further provision that such a condition shall only be waived in writing, all indorsed on the policy, *yet* such conditions can be dispensed with by the company or its agents by oral consent as well as by such writing indorsed on the policy. And an examination of the late cases in Missouri will disclose that the appellate courts of this state have aligned themselves with the court's holding this just and equitable doctrine.

Judgment reversed and cause remanded. All concur.