DAVID C. JENKINS, Appellant, v. GERMAN INSURANCE COMPANY, of Freeport, Illinois, Respondent.

St. Louis Court of Appeals, May 1, 1894.

1. **Insurance, Fire**: WAIVER OF CONDITIONS: POWERS OF SOLICITING AGENTS. *Semble,* that an agent, who has authority only to solicit fire insurance subject to the approval of his superiors, has no implied power to waive conditions of the policy; and, *held,* that he certainly has no such power, when the policy expressly designates the agents who may exercise it, and he is not among them.

2. ———: SEPARATE INSURANCE IN ONE POLICY ON DIFFERENT PROPERTIES: BREACH OF CONDITION AS TO PART OF INSURANCE. When a policy of fire insurance provides for a separate amount of insurance on each of several properties, a breach of condition as to one of these properties will not invalidate the insurance on the remainder.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED *(with directions).*

*Fagg & Ball* for appellant.

The court erred in the admission and exclusion of testimony, and in taking the case entirely away from the jury. *Hamilton v. Ins. Co.,* 94 Mo. 353; *Hayward v. Ins. Co.,* 52 Mo. 181; *Pelkington v. Ins. Co.,* 55 Mo. 172; *Bailie v. Ins. Co.,* 73 Mo. 371; *Breckenridge v. Ins. Co.,* 87 Mo. 22.

*J. D. Barnett* for respondent.

ROMBAUER, P. J.—This is an action on a fire insurance policy on the plaintiff's dwelling house and contents in the sum of $550; on provisions in smokehouse in the sum of $30; and on smokehouse in the

sum of $20. The petition is in the ordinary form, claiming a total loss by fire, and averring the performance on part of plaintiff of all conditions precedent to recovery.

The defendant's answer sets up in bar plaintiff's failure to furnish proofs of loss within the time required by the policy, and the further fact that the policy, among other conditions, contains the following: "It is stipulated and agreed that, if the assured without written permission hereon shall now have, or hereafter make or procure any other contract of insurance, whether valid or not, without consent indorsed hereon, then in each and every one of the above cases, this policy shall be null and void." Also the following condition: "No act or deed or promise made by any agent, not indorsed hereon, shall be construed into a waiver of the printed terms or conditions, and any changes or waivers can only be made in writing by either the secretary or the district agents at Montgomery City, Missouri." The answer then states that, after the issue of the policy by defendant, the plaintiff without the written consent of the defendant or its district agent made and procured another contract of insurance for $300 on his house, and $200 on his household goods therein, whereby the defendant's policy was wholly avoided. The plaintiff's reply is a general denial.

Upon the trial of the cause, the facts appearing as stated in the defendant's answer by plaintiff's own evidence, the court instructed the jury that the plaintiff could not recover. The plaintiff thereupon took a nonsuit, and, after an ineffectual motion to set the same aside, brings the case here by appeal.

The first error complained of is that the court rejected the deposition of one De Shaffon, offered in evidence, which, the plaintiff claims, tends to show

that the defendant had notice of the additional insurance. This deposition was to the effect that De Shaffon, who was the agent of the insurance company which effected the second insurance, told one Crow, who was the soliciting agent of the defendant company, that he, the witness, had taken additional insurance on the property, and that he (Crow) should notify his company.

While, under the more liberal rule which prevails in this state in regard to waivers of clauses in insurance policies, a written indorsement of the additional insurance on plaintiff's policy would not have been essential to constitute a waiver of the forfeiture, yet it is essential that the waiver invoked should be made by some agent or officer of the company who had power to make it. The waivers in the case of *Hayward v. Ins. Co.*, 52 Mo. 181, and *Hamilton v. Ins Co.*, 94 Mo. 353, were made by general agents of the company. In *Pelkinton v. Ins. Co.*, 55 Mo. 172, the question arose on a demurrer to the plaintiff's reply, which averred that the indorsement was not made by reason of the fact that defendant by its agent, *who had full authority from defendant for so doing,* waived the performance of said condition. We are not aware of any decision, either here or elsewhere, by which a mere soliciting agent of an insurance company, as Crow was, having no other powers than to solicit insurance subject to the approval of his superiors, can waive conditions of the policy. The question is, however, placed beyond any controversy by the fact, that the policy in this case expressly provides by what officers of the defendant waivers can be made. There was no error, therefore, in rejecting the deposition, since it had no tendency to prove the material fact in issue.

The second error complained of is that the court instructed the jury to find for the defendant, although

it appeared in the evidence that the second policy did not cover the smokehouse or its contents, which were separately valued in the policy sued on. This action of the court was based presumably either on the ground that the plaintiff had failed to furnish sufficient proofs of loss within the time required by the policy, or else that the provision in the policy, which avoided it in case of additional insurance without the defendant's consent, meant additional insurance on any part of the insured property. Touching the first point it will suffice to say that the defendant upon being advised of the loss made no objection to the sufficiency of the proofs, but at once denied the liability on account of the additional insurance without its consent. This under the settled law of this state discharged the plaintiff from the obligations of furnishing further preliminary proofs.

Touching the second point the learned judge of the trial court evidently followed the decision of the supreme court in *American Ins. Co. v. Barnett*, 73 Mo. 364, and the decision of this court in *Holloway v. Dwelling House Ins. Co.*, 48 Mo. App. 1, which are to the effect that, under analogous clauses in policies, the entire policy is avoided in case of a breach of warranty. The supreme court upon a certificate of the *Holloway case* has receded from its decision in the *Barnett case*, and returned to the more equitable rule established by the earlier cases of *Loehner v. Ins. Co.*, 17 Mo. 247, and *Koontz v. Ins. Co.*, 42 Mo. 126, which hold that a breach of warranty, in case of a separate valuation, affects merely that part of the insurance to which the breach relates. It is clear, therefore, that, under the last controlling decision of the supreme court, the plaintiff is still entitled to recover for the value of the smokehouse and provisions therein, which were separately valued and not covered by the second policy.

The plaintiff testified at the trial that there were no provisions in the smokehouse at the date of the fire, although there were some preserves (whose value was not shown) in a box nailed to the smokehouse. The smokehouse, however, is separately valued in the policy at $20, and, as the evidence shows that it was wholly destroyed, the plaintiff is clearly entitled to judgment for that amount.

The judgment is reversed, and the cause remanded with directions to enter a judgment for plaintiff for $20 with interest from January 23, 1892. All concur.