SPRINGFIELD STEAM LAUNDRY COMPANY *et al.*, Appellants, v. TRADERS INSURANCE COMPANY OF CHICAGO, Respondent.

St. Louis Court of Appeals, April 7, 1896.

1. **Insurance, Fire:** CONDITION AS TO FORECLOSURE OF SALE. A fire insurance policy contained a condition against the incumbrance of the insured property by mortgage, or its foreclosure or sale. The property was rightfully advertised for sale under an existing mortgage; but the advertisement was withdrawn and no sale occurred. *Held*, BOND, J., not concurring, that the policy was invalidated by the advertisement, and this, though it was made payable to the mortgagee as his interest might appear.

2. ———: POWER OF AGENT TO WAIVE FORFEITURE. A local agent, though authorized to issue policies and thus enter into contracts of insurance, has no power to waive conditions or forfeitures under a policy issued by him, which expressly provides against the exercise of such authority by him and limits the right to exercise the same to a designated officer of the insuring company.

3. ———: ———: ESTOPPEL. But *held*, by BOND, J., dissenting, that this limitation of the powers of the local agent was not applicable to the facts of this cause, since the insuring company had the power to waive the conditions of the policy as well as to estop itself from the right to assert a forfeiture, and since the evidence in this cause established both such waiver and such estoppel.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED (BOND, J., *dissenting*), AND CERTIFIED TO SUPREME COURT.

*Heffernan & Buckley* for appellants.

*Fyke, Yates & Fyke* for respondent.

BIGGS, J.—This is an action on a policy of fire insurance. There is no question about the issuance of the policy, or the destruction of the property by fire during its life. It is also conceded that due notice of the fire was given, and that proper proofs of loss were furnished. At the time the policy was issued the property was mortgaged, and the policy provided that any loss should be paid to the mortgagee. The defense was that, prior to the destruction of the property, the conditions of the mortgage were violated, and that, by reason of·this, foreclosure proceedings were commenced which invalidated the policy. The cause was submitted to the circuit court on an agreed statement of facts, which resulted in a judgment for the defendant. The plaintiffs have appealed.

The facts as agreed on are these: The property was owned by the Springfield Steam Laundry Company. The insurance was taken out by it, and by the terms of the policy the loss, in case of the destruction of the property, was to be paid to the mortgagee as his interest might appear. After the loss the claim was assigned by the mortgagee to the plaintiff, Heffernan. The mortgage by its terms was subject to foreclosure, if the taxes on the mortgaged property were permitted to become delinquent. This condition of the mortgage was broken, and by reason of it the trustee advertised the property for sale as provided by the terms of the mortgage. The sale was enjoined. Subsequently the taxes were paid, and the injunction proceedings dismissed. A short time thereafter the fire occurred. The policy contained this provision, to wit: "If the property be sold, transferred, or is or becomes incumbered by mortgage or trust deed, or by judgment, tax, or mechanics' lien, *or upon the commencement of pro-*

*ceedings for its foreclosure or sale*, or levy thereon by law officer, or upon its passing into the hands of receiver or trustee, or if this policy be assigned before a loss, then, and in every such case, this policy shall, without the written consent of this company thereto be indorsed hereon, *become absolutely void.*" Another condition of the policy is as follows: "It is further understood and agreed; and made a part of this contract, that neither the agent who issued this policy, nor any other person, except its secretary in the city of Chicago, has authority to waive, modify, or strike from the policy any of its terms and conditions, * * * nor, in the event that this policy shall become void by reason of noncompliance with any of its terms or conditions thereof, shall the agent have power to waive, modify, or revive, the same, and any policy so made void shall remain void and of no effect, any contract by parol or otherwise or understanding with the agent to the contrary notwithstanding." It was further agreed that the local agent of the defendant, who issued the policy, had notice of the advertisement of the property for sale and the subsequent proceedings in reference thereto.

It is maintained by the plaintiffs that the advertisement of the property for sale was not the commencement of foreclosure proceedings; that is, that the advertisement was a mere proposition of sale, or a notice to bidders to appear at a contemplated sale. The only case relied on to support this position is that of *Michigan Insurance Company v. Lewis*, 30 Mich. 41. There the policy contained the following clause: "In case of any transfer or termination of the interest of the insured, * * * or in case any mortgage, lien, or incumbrance, shall be executed thereon, or shall attach thereto, or if the title thereto shall be in any way changed or affected after the date of this policy,

*or if any proceedings for sale thereof shall be had, com-menced, or taken    *    *    *    this* policy shall from thenceforth be void and of none effect." In that case, like in this, there was only an advertisement of the property for sale under the mortgage, and the supreme court in its opinion undertook to determine what was meant by the phrase *"proceedings for sale."* The court, making application of it to the foreclosure of a mortgage, said: "The words seem to us to be satis-fied by confining them to the actual offer of the premi-ses for sale at the time specified in the notice. In strictness, it may be said that such an offer is the first proceeding for a sale; the previous notice is only a step which is to put it into the power of the mortgagee to make a sale at the time fixed upon, if payment shall not sooner be made. The notice, in a certain sense, is undoubtedly a proceeding for a sale, and so would be the commencement of a suit in equity; either proceeding may possibly result in a sale; but, while either method of foreclosure is in progress and before the right to make a sale has been reached, it is in substance rather a proceeding for the collection of the mortgage moneys, than a proceeding for a sale. And it can never be known until the day fixed in the notice shall arrive without actual payment being made, that a sale can take place at all." In another portion of the opinion the court remarked that "it would be a most unreasona-ble and unjust construction of such a provision to hold that, by the mere *commencement of foreclosure proceed-ings*, the policy would be annulled.    *    *    *    Doubt-less the parties might agree upon conditions of this sweeping character, but the operation would in some cases be so unreasonable and oppressive that they ought never to be discovered in doubtful, ambiguous phrases, but should be expressed so plainly that no reasonable doubt can rest upon the mind that they

were mutually understood and fully assented to by the parties respectively."

The last extract from the foregoing opinion states precisely the case we have here, for it is expressly agreed that the commencement of foreclosure proceedings should annul the policy, and the entire opinion clearly indicates the difference between that case and this, thus making the case an authority against rather than in favor of plaintiffs' position. Now, there can be no question that an advertisement of property under a mortgage with power of sale is the commencement of foreclosure proceedings, and, as it is conceded in this case that the condition of the mortgage has been broken by failure to pay taxes, we must hold that the proceedings of foreclosure were rightfully commenced. This, under the plain terms of the contract, avoided the policy. It may be that such a condition may operate unjustly in individual cases, but courts have no power to make contracts for litigants, and can only relieve them from improvident or oppressive bargains when it is shown that they have been overreached.

But such clauses as we have here are by no means unusual in insurance policies, and, while they may operate oppressively in particular cases, a little reflection will show that they rest on a sound business principle. An insurance company may be willing for a certain premium to insure mortgaged property so long as the owner is not in default, but, after default and foreclosure proceedings have been commenced, it may not deem it provident to continue the insurance, at least at the same rate, for it is clear that the moral risk would be increased by the new condition of things. In the case of *Titus v. Glens Fall Insurance Company*, 81 N. Y. 410, the policy there in suit contained such a clause. The property was advertised for sale under a judgment of foreclosure, and a few days before the

time fixed for the sale it was burned. The argument of the assured against the enforcement of the condition was that, as the defendant recognized the mortgage by agreeing to pay the loss to the mortgagee, it must be presumed to have assented to the natural result and incident of the mortgagee's title, to wit, the commencement of foreclosure proceedings in case of default in the payment of the debt or other conditions of the mortgage. The court of appeals held the argument to be unsound, and sustained the forfeiture upon the ground that the condition was plainly written in the policy and could not be evaded by construction.

So, in the case of *Merchants Insurance Company v. Brown*, 25 Atlantic Rep. 992, the Maryland court of appeals decided that the advertisement of mortgaged property for sale as provided by the terms of the mortgage was the commencement of foreclosure proceedings, and avoided the policy under a clause which provided that the policy should be annulled "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any mortgage or trust deed."

But it is insisted that the forfeiture (if any) must be considered as having been waived by the defendant's local agent. The evidence is that the agent had power to issue policies, that he was advised of the advertisement of the property under the mortgage, and that he took no steps to cancel the policy. The doctrine of many of the cases is that an agent who has authority to issue policies, that is, make contracts of insurance, must be presumed to have authority to modify or change the contract or waive forfeitures. But this can not be where such power is expressly vested in a particular officer of the company. This was our decision in the case of *Jenkins v. German Ins. Co.*, 58 Mo. App. 210. To the same effect are the cases of *Loehner*

*v. Ins. Co.*, 17 Mo. 247, and *Shoup v. Ins. Co.*, 51 Mo. App. 287, and we know of no decision in this state to the contrary.

It follows that on the admitted facts the judgment of the circuit court was for the right party, and it must be affirmed. Judge ROMBAUER concurs. Judge BOND dissents, and is of the opinion that the decision is in conflict with the following decisions of the supreme court: *Franklin v. Ins. Co.*, 42 Mo. 461; *Hamilton v. Home Ins. Co.*, 94 Mo. 353; *Hanna v. Ins. Co.*, 56 Mo. App. 582, and others cited in his dissenting opinion. The cause will, therefore, be certified to the supreme court for final determination.

### DISSENTING OPINION BY JUDGE BOND.

BOND, J.—The agreed statement of facts in this case shows that the defendant is a foreign corporation; that it issued the policy in suit through its resident agent and made it payable, in case of loss, to the trustee of an existing mortgage; that the policy ran from January 24, 1894, to January 25, 1895; that on March 14, 1894, the trustee published a notice that he would sell the property on April 7, 1894, because of the failure of the mortgagor to pay certain taxes and take out further insurance; that on March 20, the mortgagor paid said taxes and took out the additional insurance, and on March 30 enjoined the trustee from proceeding further under said advertisement. No sale was ever made and the injunction suit was dismissed.

Each and all of these facts were reported to the agent of defendant residing at Springfield, *who issued* the policy. The fire causing the destruction of the property did not occur until May 12, 1894, or more than two months after the day fixed in the notice of sale. Neither the defendant company nor its agent at

any time signified to the mortgagor or mortgagee that the policy was forfeited, or would be canceled by reason of the advertisement, until after the loss by fire, when the company replied to a letter containing proper proofs of loss, that it "denies any liability for the reason that proceedings were commenced for the foreclosure and sale of the property named." This letter was dated June 5, 1894. The *bona fides* of the loss is admitted. The defense contained in said letter was the only one made in the lower court. It was sustained in that court, hence this appeal by plaintiff.

It is now insisted that the trial court erred in directing a judgment for defendant for two reasons: *First*, that the advertisement was a mere notice of future sale, was not the offer of the property for sale, and, therefore, not within the terms of the policy provision, since, under the strict construction applicable to forfeitures of that nature, the provision in question should only be held to mean the taking of some step or doing some act essential to the actual sale of the property—in a case of foreclosure out of court, like the one at bar, the making an offer of the property or the actual sale thereof on the day appointed. This contention seems to be borne out by a correct understanding of the language and decision of Judge COOLEY in *Michigan Ins. Co. v. Lewis*, 30 Mich. 44.

The *second* point made by appellants is that, if the policy provision for forfeiture could be construed as embracing a mere notice that the sale would be conducted at a future day, although such sale never took place, still a forfeiture on that ground can not be insisted upon by the defendant under the agreed facts. There seems to be no escape from this conclusion, when the facts are kept in mind. These are that the advertisement by the trustee under the mortgage was *in invitum* as to the assured; that it was immediately reported

to defendant's agent, who issued the policy; that the assured prevented any sale or offer for sale of the property; that, notwithstanding such notice, neither the company nor said agent signified any intention to forfeit the policy on account of said abortive advertisement until after the happening of the loss, when the company answered the assured's letter inclosing due proofs of loss by a denial of liability on account of the following provision of the policy: "If the property be sold, transferred, or is or becomes incumbered by mortgage or trust deed, or by judgment, tax, or mechanic's lien, *or upon the commencement of proceedings for its foreclosure or sale*, or levy thereon by law officer, or upon its passing into the hands of receiver or trustee, or if this policy be assigned before a loss, then, and in every such case, this policy shall, without the written consent of *this company* thereto be indorsed hereon, become absolutely void." This letter shows that the company had received notice of the facts as to the advertisement, which were reported to its agent at the time of the occurrence.

There can be no doubt as to the power of the company to waive a forfeiture for any of the above provisions of the policy. It waived one, when the policy was issued, by making it directly payable to the mortgagee. The only limitation which the company attempted to put upon its power to waive the above provision was that its consent should be evidenced by written indorsement on the policy. The questions, therefore, are: *First*, did this language preclude the defendant from making an implied oral waiver of the grounds of forfeiture mentioned in the foregoing provision? *Secondly*, if not, could a waiver by, or estoppel against, defendant be inferred from the agreed facts?

The first question presents no difficulty. Contracts

for insurance are not required to be in writing. They may be altered or modified according to the express or implied agreement of the parties, and the enforcement of their provisions may be prevented by adequate evidence of waiver or estoppel. It would be absurd to say that an insurance company could disable itself from waiving by subsequent contract or conduct a condition for forfeiture inserted in its policy, because the policy recited that such waiver must be made in writing. *Fireman's Fund Ins. Co. v. Norwood*, 69 Fed. Rep. 71, and cases cited; *Hanna v. Ins. Company*, 56 Mo. App. 582. On this point it is aptly said: "It is not in the power of an insurance company to abolish the law of estoppel or of waiver, or exempt itself from its operation, by any provision or condition that it can insert in its policies." 69 Fed. Rep. *supra*. The first inquiry may, therefore, be answered in the affirmative.

As to the second, it is believed the application of settled principles of law to the agreed facts will demonstrate that defendant has waived, or is estopped to urge, a forfeiture of the policy in suit on the ground alleged. The full notice given at the time to defendant's agent, who issued the policy, of all the facts pertaining to the trustee's advertisement was in law notice of such facts to the defendant company. *Hamilton v. The Home Ins. Co.*, 94 Mo. *loc. cit.* 368; *Franklin v. Ins. Co.*, 42 Mo. 456. With the knowledge thus acquired and with actual notice also, as appears from its letter denying liability, defendant continued its policy—giving no hint of a declaration of forfeiture thereon,—from March 14, 1894, until June thereafter. By so doing the assured was reasonably led to believe that his property was covered by insurance on May 12, 1894, when it was destroyed by fire, nor did he learn of a contrary intent on the part of defendant until he got a letter to that effect dated June 5, 1894. The assurance thus derived

from defendant's conduct prejudiced the assured in two ways: *First*, it prevented him from getting other insurance, which he might have done had defendant promptly advised him of its intention to insist upon a forfeiture of its policy; *secondly*, it involved a retention of the unearned premium which would have been due the assured upon a prompt cancellation of the policy. To have acted in good faith toward the assured, defendant, if it intended to forfeit the policy, should have signified such purpose during the two months (March 14 to May 12) which elapsed between the happening of the alleged ground of forfeiture and the loss by fire. Its failure so to do was a reasonable assurance to the insured that no forfeiture would be claimed. To permit one to be urged now, after the assured has been misled to his prejudice by the conduct of defendant, would be assisting in the perpetration of a fraud. The rule imputing to a principal notice received by his agent in the course of his employment is peculiarly applicable to nonresident insurance companies having agents in this state authorized to issue policies and make contracts on their behalf. 2 Biddle on Insurance, sec. 1058; *Hamilton v. Home Ins. Co.*, 94 Mo. 369; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Pelkington v. Ins. Co.*, 55 Mo. 173; *Hayward v. Ins. Co.*, 52 Mo. 181; *Baile v. Ins. Co.*, 73 Mo. 371; *Hanna v. Ins. Co.*, 56 Mo. App. 582; *Parsons v. Knoxville Fire Ins. Co.*, 31 S. W. Rep. 117.

Waiver is ordinarily a question of intention, which may be implied from evidence of knowledge of the facts and acquiescence in the status thus created. Estoppel is not necessarily dependent on intention, but may arise from conduct tending to mislead another to his prejudice. In the case at bar there was evidence, as we have seen, tending to prove both waiver and

estoppel as to the right of forfeiture claimed by defendant. Hence, these issues should have been submitted to the jury.

No jurisdiction has asserted the doctrine of waiver or estoppel by conduct more vigorously than the appellate courts of this state. In *Hamilton v. Home Insurance Company, supra,* the facts were that the agent of a nonresident company, who had solicited insurance in its name, was aware that subsequent insurance had been taken out by the assured in other companies. A clause in the policy of the first company rendered it void, if subsequent insurance should be taken out without its written consent. Held, that, no objection being made by the company or its agent after the agent had acquired knowledge of the violation of such provision, there was a waiver of forfeiture on that account. The doctrine was put upon the ground that it was the duty of the insurance company, if it intended to insist on the forfeiture of its policy, to take steps to cancel the same upon notice to its agents of the subsequent insurance, and that, failing so to do, the assured was warranted in treating the provision for forfeiture as waived. This case is in strict accord with the modern doctrine expressed in the able opinion in 69 Federal Reporter, *supra,* and other cases. *Burlington Insurance Company v. Rivers,* 28 S. W. Rep. 453; *Niagara Ins. Co. v. D. N. Lee,* 73 Tex. 641; *Morrison v. Ins. Co.,* 69 Tex. 363; *Cohen v. Ins. Co.,* 67 Tex. 325; *Ins. Co. v. Sheffy,* 71 Miss. 919; *Bellevue Roller Mill Company v. London & L. Fire Ins. Co.,* 24 Ins. Law Journal, 331.

The issue in this case is one of waiver or estoppel as against the company itself. There is no issue here as to waiver by the agent at Springfield. Hence, it is irrelevant to discuss the relative powers of the agent at Springfield and the company's secretary at Chicago under another provision of the policy. The provision

of the policy quoted in this opinion is the one that governs this case, and it expressly reserved to the company itself the right (of which it could not be deprived) to waive compliance with its terms.   Under the law and the agreed facts I think the defendant company is precluded from making any claim of forfeiture of the policy in suit.   For the foregoing reasons I can not concur in the conclusion reached by my associates.   I deem that conclusion opposed to the doctrine of the cases cited from the supreme and appellate courts of this state. Hence, I demand the certification of this cause to the supreme court for trial and determination, as provided by the constitution.