C. L. NIXON, Respondent, v. GERMAN INSURANCE COMPANY, OF FREEPORT, ILLINOIS, Appellant.

St. Louis Court of Appeals, February 23, 1897.

Insurance, Fire: APPLICATION: BREACH OF WARRANTY: EVIDENCE: ESTOPPEL. In a suit on a policy of fire insurance, where the defense was an alleged breach of warranty on the part of plaintiff in giving a false answer to a question in the application as to the title to the property insured, and the evidence was that plaintiff fully disclosed to defendant's soliciting agent the true state of the title, and the agent wrote the answer to the question in the application, stating at the time that the title was "all right,"—Held: That defendant was estopped from showing the untruthfulness of the answer, and the estoppel extended to all conditions in the contract in respect to the title.

*Appeal from the St. Francois Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED; all the judges concurring, Judge BOND in the result.

*G. W. Barnett* for appellant.

The plaintiff only owned an undivided half interest in the land on which the building stood, and only a

life interest in the remaining half, and was not, there-
fore, the sole and unconditional owner in fee simple of
the insured building or land on which it stood as re-
quired by the policy and application. *Shoup v. Ins.
Co.*, 51 Mo. App. 286; *Holloway v. Ins. Co.*, 48 *Id.* 1;
*Maddox v. Ins. Co.*, 56 *Id.* 343; *Hubbard v. Ins. Co.*,
57 *Id.* 1.

The agent who took the application was not a
policy writing agent, but merely an agent authorized to
solicit insurance, and the company had the right to
limit his authority, and plaintiff was bound by such
limitation when notice was brought home to her by the
policy. *Shoup v. Ins. Co.*, *supra; Greenwood v. Ins.
Co.*, 27 Mo. App. 401; *Ins. Co. v. Fletcher*, 117 U. S. 519;
*Sprague v. Ins. Co.*, 49 Mo. App. 423; *Mensing v. Ins.
Co.*, 36 *Id.* 602; *Embree v. Ins. Co.*, 62 *Id.* 132; *Jenk-
ins v. Ins. Co.*, 58 *Id.* 210; *Trask v. Ins. Co.*, 53 *Id.*
625; *Tittsworth v. Ins. Co.*, 62 *Id.* 310; *Dircks v. Ins.
Co.*, 34 *Id.* 31.

The assured, in the absence of fraud, is presumed
to have read the application before signing it, and to
be familiar with its contents, and is not entitled to have
it set aside because it turns out to contain statements
contrary to her intention. *School Dist. v. Ins. Co.*, 61
Mo. App. 597; *Palmer v. Ins. Co.*, 31 *Id.* 467; *Robinson
v. Jarvis*, 25 *Id.* 425; *Ins. Co. v. Fletcher*, 117 U. S.
519.

If assured was not the sole and unconditional
owner of the property in fee simple, then there was a
breach of the warranty in the policy, and it was null
and void. *Grigsby v. Ins. Co.*, 40 Mo. App. 276; *Bar-
nard v. Ins. Co.*, 27 *Id.* 26; *Milling Co. v. Ins. Co.*, 25
*Id.* 259; *Barnett v. Ins. Co.*, 73 Mo. 364; *Hubbard v.
Ins. Co.*, 57 Mo. App. 1.

Waiver or estoppel can not arise with respect to a
right to be acquired upon an agreement not yet made.

*Greenwood v. Ins. Co.,* 27 Mo. App. 401; *Ins. Co. v. Mowry,* 96 U. S. 544.

Plaintiff having retained the policy thirty months, and until after the fire without objection, it is now too late to complain of its terms. *Ins. Co. v. Nieberger,* 74 Mo. 167; *Steinberg v. Ins. Co.,* 49 Mo. App. 255; *McHoney v. Ins. Co.,* 52 *Id.* 94; *Ins. Co. v. Fletcher, supra.*

*Carter & Weber,* with *E. A. Rosier,* for respondent.

The application having been wholly made out by defendant's soliciting agent, it is estopped from denying the truth of the statements made in the application. *Parsons v. Ins. Co.,* 132 Mo. 583, 590, and citations; 1 Wood on F. Ins. [2 Ed.], sec. 152, p. 355, and citations; *Thomas v. Ins. Co.,* 20 Mo. App. 150; *Eames v. Ins. Co.,* 94 U. S. 621; *Franklin v. Ins. Co.,* 42 Mo. 556, 561; *Ins. Co. v. Linkenheimer,* 22 N. E. Rep. 1082–1084; *Ins. Co. v. Brodie,* 4 L. R. A. 458; *Forward v. Ins. Co.,* 37 N. E. Rep. 615; *Goss v. Ins. Co.,* 65 N. W. Rep. (Wis.) 1036; *Ins. Co. v. Dubois,* 44 Pac. Rep. 756; *Dowling v. Ins. Co.,* 65 N. W. Rep. (Wis.) 738.

The company is charged with his mistakes or frauds in misstating true answers to questions propounded in the application. *Coles v. Ins. Co.,* 23 S. E. Rep. (W. Va.) 732; *Berry v. Ins. Co.,* 30 N. E. Rep. 254; *Roberts v. Ins. Co.,* 26 Mo. App. 92–98; *Shell v. Ins. Co.,* 60 *Id.* 644–648, 649. See, also, authorities *supra,* and *Bennett v. Ins. Co.,* 12 N. E. Rep. 609; *Gratton v. Ins. Co.,* 80 N. Y. 291; *Flynn v. Ins. Co.,* 78 *Id.* 568; *Bowley v. Ins. Co.,* 36 *Id.* 550; *O'Brien v. Ben. Society,* 22 N. E. Rep. 954; *Miller v. Ins. Co.,* 14

*Id.* 272; 1 Wood on F. Ins. [2 Ed.], sec. 90, p. 207; 2 *Id.*, sec. 410, pp. 842, 843; *Hamilton v. Ins. Co.*, 94 Mo· 353; *Parsons v. Ins. Co.*, 132 *Id.* 594; 2 Wood on F. Ins. [2 Ed.], sec. 408, p. 822, and citations.

The soliciting agent knew the true state of respondent's title at the time he made out and secured the application, and his knowledge was the knowledge of the company. *Shoicks v. Ins. Co.*, 68 N. Y. 436; *Cone v. Ins. Co.*, 60 *Id.* 619; *Ins. Co. v. Weill*, 28 Gratt. 394; *Bevins v. Ins. Co.*, 23 Conn. 254; *Ins. Co. v. Raddin*, 120 U. S. 196; *Gans v. Ins. Co.*, 43 Wis. 108; *Mechler v. Ins. Co.*, 38 *Id.* 665; *Ins. Co. v. Kittle*, 39 Mich. 51; *Smith v. Ins. Co.*, 49 Wis. 322; *Ins. Co. v. Olmstead*, 21 Mich. 246–254; *Ins. Co. v. Chesmet*, 50 Ill. 111; *Richmond v. Ins. Co.*, 79 N. Y. 232; *Bennett v. Ins. Co.*, 81 *Id.* 274.

BIGGS, J.—On the sixth day of May, 1893, the defendant executed and delivered to plaintiff its policy of insurance, in which it agreed to insure plaintiff against loss by fire to the amount of $800 on her dwelling house, and $200 on her household furniture. During the life of the policy, to wit, November 25, 1895, the entire property was burned. The present action is to recover the amounts named in the policy.

The defendant denied liability as to the house, on the ground that the plaintiff had warranted that she was the sole owner of the land on which the house was situated, whereas she only owned an undivided one half interest therein. Touching the alleged warranty, it was averred that the policy was issued upon a written application, in which the following questions were propounded to plaintiff. "*Q.* Is the title to the land on which the property is situated in your name? What kind of a title have you? Explain fully." *Ans.* "Yes; *fee simple.*" And further that the policy con-

tained the following stipulations or conditions: "This insurance contract is based upon the representations contained in the assured's application of even number herewith, and which the assured has signed and permitted to be submitted to the company, and which is made a warranty and a part hereof, and it is stipulated and agreed that if any false statements are made in said application, or if the assured shall not be *the sole and unconditional owner in fee simple of said property*, then in each and every one of the above cases this policy shall be null and void.  *   *   *   This policy is issued from the office of the company at Freeport, Illinois, and it is stipulated that no agent or employee of this company or any other person or persons than the president or secretary at Freeport, Illinois, shall have power or authority to waive or alter any of the terms or conditions of this policy, or to make any indorsements thereon, and all agreements by the president or secretary must be signed by either of them.  *   *   * This policy is made and accepted upon the above express agreements, covenants and conditions." Wherefore the defendant claimed that there was no liability for the insurance on the building.

The plaintiff admitted that the real estate upon which the house was situated belonged to her deceased husband; that he died intestate, leaving two children, and that since his death, but prior to the contract of insurance, she had purchased the interest of one of the children. In reply to the alleged breach of the warranty, she testified that she communicated to the defendant's soliciting agent the true condition of the title to the land, and that he voluntarily wrote the answer to the question in the application, stating at the time that the title was all right. She further averred that she noticed the stipulations in the policy above quoted, but she did not know the meaning of the words "fee simple," but

supposed from the statements made by the soliciting agent at the time the application was written that the disclosures then made to him concerning the title fully met or satisfied the condition in the policy as to the title, wherefore she claimed that the defendant was estopped to prove the alleged breach of the warranty

The defendant read in evidence the policy and application, which contained the stipulations and matters above set forth. In rebuttal the plaintiff introduced evidence in support of her replication. At the close of the evidence the defendant asked the court to give the following instruction, to wit: "The court instructs the jury that under the admitted facts in this case the policy sued on, so far as it relates to the building described in the policy of insurance, is null and void, and the plaintiff is entitled to recover nothing by reason of the loss of the building." The instruction was refused. On the part of the plaintiff the court instructed substantially that if the plaintiff fully disclosed to the defendant's soliciting agent the true state of her title to the land, and the agent wrote the answer to the question in the application, stating at the time that the answer was the correct one, and on the faith of it the plaintiff accepted the policy and paid the premium, then the defendant was estopped to show the untruthfulness of the answer. The jury returned a verdict for the full amount of insurance, and the defendant has appealed.

It has been decided in this state that the authority of a solicitor of insurance impliedly extends to all matters necessary to the completion of the application for the insurance. If the assured truthfully states to such an agent the facts touching the title to the property, and the agent fails to correctly set forth such facts in the written application, and the assured signs the application,

APPLICATION: breach of warranty; evidence; estoppel.

the writing must be treated of his own making, although he may have executed it without knowledge of the false statement. Therefore, under well established rules it would be incompetent to introduce parol evidence for the purpose of showing that it was not his contract or that he had been innocently led into a warranty of what was not true. This would be changing or varying the contract. Proof of what actually took place—that is, that the false answer was written by the agent after he had been informed of the true state of the title, and that the assured acted in good faith in accepting the policy and paying the premium—is received on the theory that the insurer, after a loss has occurred, will be estopped to rely on the breach of the warranty. The basis of the estoppel is that the agent in filling up the application acted as the agent of the insurer, and that the latter is precluded from denying what its agent once asserted. This is the law of this and many other states, and it is believed that the doctrine of the cases can not be vindicated on any other grounds. It is not, as some cases erroneously treat it, a question of waiver of the conditions of the policy. *Combs v. Ins. Co.*, 43 Mo. 148; *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Roberts v. Ins. Co.*, 26 Mo. App. 92; *Plumb v. Ins. Co.*, 18 N. Y. 392; *Rowley v. Ins. Co.*, 36 N. Y. 550.

In *Shoup v. Ins. Co.*, 51 Mo. App. 286, there was a breach of warranty as to title, and the defense was that the facts had been truthfully represented to the soliciting agent, and that he had written false answers, etc. The Kansas City court of appeals decided the question against the plaintiff, on the ground that the policy contained a clause that the defendant "would not be bound by *any act* or statement made to or by any agent, unless *inserted* in the contract." Whether

that case was correctly or incorrectly decided, is not material. In the case here the limitation in the policy is that no agent except the secretary or president of the company "shall have power or authority to waive or alter any of the terms or conditions of the policy, or to make any indorsements," etc. This clause can refer only to subsequent alterations or changes in the contract or waivers of its conditions, and not to the preceding acts of the parties in contemplation of the contract. In *Jenkins v. Ins. Co.*, 58 Mo. App. 210, and *Laundry Co. v. Ins. Co.*, 66 Mo. App. 199, the policies contained similar limitations as to the authority of agents, and we held in those cases that the holders of the policies were bound to take notice of the limitation.

The further argument is made that even though the defendant is precluded from taking advantage of the false answer in the application, it may insist on the breach of the independent warranty in the policy itself. This position of counsel we conceive to be untenable. We think that the estoppel should extend to all conditions in the contract in respect of the title.

Our conclusion is that the case was properly tried and that the judgment ought to be affirmed. All the judges concur. Judge BOND in the result.