FRANK WOLF, Adminstrator, Respondent; v. DWELLING HOUSE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 2, 1898.

Insurance: OTHER INSURANCE: WAIVER: RESTRICTION ON AGENT. An insurance policy contained a stipulation against other insurance unless recited in the contract and also a stipulation that the company should not be bound by an act or statement of an agent unless likewise recited. There was other insurance of which the agent issuing the policy had knowledge. *Held,* that the agent's knowledge was not a waiver since the policy limited the authority of the agent.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

REVERSED.

FYKE, YATES & FYKE for appellant.

The fact that the agent of defendant had been told that there was other insurance on the property did not avoid this result, for the reason that the contract sued on provides that "the company shall not be bound by any act or statement made to or by any agent, unless inserted in this contract." This condition of the policy means just what it says, and it has always been so declared by all of the courts of this state. Loehner v. Ins. Co., 17 Mo. 247; Greenwood v. Ins. Co., 27 Mo. App. 401; Sprague v. Ins. Co., 49 Mo. App. 423; Shoup v. Ins. Co., 51 Mo. App. 286; Lama v. Ins. Co., 51 Mo. App. 447; Burnham v. Ins. Co., 63 Mo. App. loc. cit. 93.

W. C. FORSEE and I. J. RINGOLSKY for respondent.

Johnson & Reavis, the agents who wrote, issued and delivered this policy, had full power to do these

acts. They stood in the shoes of the company. They were *pro hac vice* the company. There was no written or other application for the indemnity, and hence no question arises upon any false statement therein contained. They were informed, prior to the issuance of the policy, that there was other insurance then in existence. They were shown the existing policy. They took the description of the property from that policy. With full knowledge of all the facts they issued the policy sued on. They got the premium and kept it. This transaction was as if the company, by its highest officers, had been present in proper person and had consummated the contract. Its legal effect was that no clause concerning other insurance is to be considered as written in the policy, or, if written, as being void *ab initio*. Hamilton v. Ins. Co., 94 Mo. 353, 368; Breckenridge v. Ins. Co., 87 Mo. 62, 70, 71; Parsons v. Ins. Co., 132 Mo. 583, 600; Barnard v. Ins. Co., 38 Mo. App. 106, 114; Cromwell v. Ins. Co., 47 Mo. App. 109, 113; Anthony v. Ins. Co., 49 Mo. App. 65, 73; Hanna v. Ins. Co., 56 Mo. App. 582, 587; Burnham, H., M. & Co. v. Ins. Co., 63 Mo. App. 85; Jenkins v. Ins. Co., 59 Mo. App. 210, 212.

ELLISON, J.—This action is on an insurance policy issued by defendant and involves in many respects the same points as presented in a case decided this term wherein this plaintiff is the plaintiff and the Sun Insurance Company is defendant. There is a point presented in this case which did not arise in the other and it goes to the root of the action. There was other insurance on the property which was not stated in the application or policy. The policy provided: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if there is or shall be any other prior, concurrent or subse-

quent contract of insurance, whether valid or void, on property covered in whole or in part by this policy." No agreement was indorsed on or added to said policy with reference to such other insurance.

The policy sued on also provided: "The company shall not be bound by any act or statement made to or by any agent unless inserted in this contract." It is conceded that the other insurance would avoid the policy but for the fact that defendant's local agent knew of the additional insurance at the time that he issued the policy. The question is, will such knowledge be considered a waiver of the terms of the policy by such agent in regard to additional insurance. We are quite willing to concede to plaintiff, under the following authorities, which he cites, that it would, if there had been no express limitation of the agent's authority brought to his knowledge. Hamilton v. Ins. Co., 94 Mo. 353; Breckenridge v. Ins. Co., 87 Mo. 62, 70, 71; Parson v. Ins. Co., 132 Mo. 583, 600; Banard v. Ins. Co., 38 Mo. App. 106, 114; Cromwell v. Ins. Co., 47 Mo. App. 109, 113; Anthony v. Ins. Co., 48 Mo. App. 65, 73; Hanna v. Ins. Co., 56 Mo. App. 582, 587; Burnham, Etc., Co. v. Ins. Co., 63 Mo. App. 85; Jenkins v. Ins. Co., 59 Mo. App. 210, 212. But it will be found, on an examination of those cases, that there was no limitation of the authority of the agent and that several of them recognize the distinction between cases where there is and where there is not a limitation.

On the other hand, an express limitation of the power or authority of the agent brought home to the assured is valid and binding on the assured. Loehner v. Ins. Co., 17 Mo. 247, approved by supreme court United States in Ins. Co. v. Fletcher, 117 U. S. 519; Greenwood v. Ins. Co., 27 Mo. App. 412; Sprague v. Ins. Co., 49 Mo. App. 423; Shoup v. Ins. Co., 51 Mo.

App. 286; Lama v. Ins. Co., 51 Mo. App. 447; Burnham v. Ins. Co., 63 Mo. App. loc. cit. 93. This distinction is made and applied in other states. Cleaver v. Ins. Co., 65 Mich. 527; Cook v. Ins. Co., 84 Mich. 12; Marvin v. Ins. Co., 85 N. Y. 278; Bank v. Ins. Co., 62 Tex. 461; Fitzmaurice v. Ins. Co., 84 Tex. 61; Ins. Co. v. Fletcher, 117 U. S. 519.

In the latter case the authority and power of agents to bind insurance companies were urged by argument and authority, but the court discusses the question fully and points out the distinction between the acts of an agent which are in his apparent authority and which a party dealing with him has a right to suppose are within his authority, and those instances where the authority is specified or restricted and is so known by the person dealing with him. These cases are but a recognition of that fundamental right which has always belonged to a principal of restricting the powers of his agent to only those things which he is authorized to do. The principal has no right to impose secret restrictions which are inconsistent with apparent authority, for that would be a deception. But there can be no deception or misunderstanding when he makes known to those with whom he deals just what limit he has placed on his agent.

In Burnham v. Ins. Co., 63 Mo. App. 93, and in same case, 56 Mo. App. 582, the restrictive provision was as follows: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and

conditions, no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

This was held to be an attempt to prevent and disable the insurer from waiving a provision made for his own benefit. It was said to be out of the power of anyone to disable himself as to future action which could only affect himself. The language of the policy in that case by restricting the power of all its officers, agents or other representatives necessarily attempted to restrict the power of the corporation itself, since it can only act through an officer, or agent, or other representative. But in the case at bar the language of the policy is directed to the agent who may act for the company in obtaining and consummating the original contract of insurance or some additional contractual matter in relation thereto. It is not at all like the provision in the Burnham case. The Burnham case was a restriction on the power of the corporation itself. This case is a restriction on the authority of a certain agent of the corporation.

The judgment must therefore be reversed. All concur.