W. F. CAGLE, Respondent, v. THE CHILLICOTHE TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 16, 1899.

Insurance: INCUMBRANCES: WAIVER: AGENT'S AUTHORITY. A policy of insurance stipulated "that any incumbrance shall avoid the policy unless written consent by the secretary is obtained." The application which is a part of the contract failed to mention certain unsatisfied mortgages. Held, the policy was void even though the local agent knew of the existence of the mortgages, since the secretary alone could consent to the incumbrances.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

REVERSED.

JOHN M. VORIS and HOWARD GRAY for appellant.

. (1) It being admitted by the evidence that the property at the time of the application and issuing of the policy was incumbered for $1,000, renders the policy void. Wolf, Adm'r, v. Ins. Co., 1 Mo. App. Rep. 310; Lama v. Ins. Co.,

51 Mo. App. 447; Barnes v. Ins. Co., 30 Mo. App. 539; Mensing v. Ins. Co., 36 Mo. App. 602. (2) The clause in the application (and by the terms of the policy made a part thereof), "that any incumbrance shall avoid the policy unless written consent of the secretary is obtained," is a valid and reasonable condition that the courts will uphold. Authorities above cited. Burnham v. Ins. Co., 63 Mo. App. 85; Shoup v. Ins. Co., 51 Mo. App. 286; Sprague v. Ins. Co., 49 Mo. App. 423. (3) If the clause read, "any incumbrance shall avoid the policy," then a waiver might be shown by proving that the local agent of the company knew of the incumbrance. But under the terms of this policy the agent has no authority to waive such a condition and it is left solely to the secretary of the defendant. This point is plainly stated in the opinion of the court on page 91, 63 Mo. App. in the case of Burnham v. Ins. Co.

THOMAS & HACKNEY for respondent.

(1) The plaintiff, at the time the application for insurance was made to the defendant's agent, having fully disclosed to him the existence and the amount of the incumbrances on the property and of his attempts and failure to procure other insurance upon the same, and the said agent having told plaintiff that he would make no answer in the application as to the incumbrances, but that he would fully explain the facts to the defendant by letter in regard thereto, and plaintiff having signed said application without reading the same, and relying on the said agent's statements, the defendant was, by the acts of said agent, precluded and estopped from claiming a breach of warranty as to incumbrances. Thackery v. Ins. Co., 62 Mo. App. 293; 1 Wood on Fire Ins., sec. 91; Haight v. Ins. Co., 92 N. Y. 51; Hamilton v. Ins. Co., 94 Mo. 368; Anthony v. Ins. Co., 48 Mo. App. 65, 73. And this was true even though the policy provided that

no agent had power to waive or modify any of the printed conditions of the policy. Burdick v. Life Ass'n, 1 Mo. App. Rep. 529; Burnham v. Ins. Co., 63 Mo. App. 91. Where the agent effecting the insurance is notified of the incumbrances, and writes and delivers the policy and accepts the premium, and the policy is accepted in good faith by the assured, the company is liable. Franklin v. Ins. Co., 42 Mo. 457; Parsons v. Ins. Co., 132 Mo. 583. (2) The clause that any incumbrances shall avoid the policy, unless the consent of the secretary is indorsed on the policy, relates to future incumbrances. This provision should be construed most unfavorably to the insurer, and so as not to defeat the assured's claim of indemnity. 1 May on Ins., sec. 175; Hoffman v. Ins. Co., 56 Mo. App. 301; Hosse v. Ins. Co., 84 Mich. 309; Hall v. Ins. Co., 93 Mich. 184; Hayward v. Ins. Co., 52 Mo. 181; Pelkington v. Ins. Co., 55 Mo. 172; Murphy v. Ins. Co., 62 Mo. App. 497.

GILL, J.—On the twelfth day of April, 1897, defendant issued its policy insuring plaintiff's frame building in Carthage for the sum of $1,000. In less than a month thereafter the building was destroyed by fire. Defendant refusing to pay the loss, this suit was brought, resulting in a verdict and judgment for $681.74 in plaintiff's favor and defendant appealed.

The defenses relied on were: that at the time the policy was applied for and issued there were two mortgages aggregating $1,000 on the property, and which were not mentioned in plaintiff's application; that in said application plaintiff stated that no other insurance company had ever declined the risk, whereas every agency in Jasper county had so declined; and further it was claimed that plaintiff in his application had fraudulently overvalued the building which was warranted to be of the value of $1,500 whereas it was worth very much less.

Cagle v. Ins. Co.

Of these defenses the first only need be considered, since that is sufficient to deny plaintiff's right of recovery. In plaintiff's application—and which by its terms it was agreed should be treated and become a part of the contract of insurance—it was stipulated, "that any incumbrance shall avoid the policy, unless written consent of the secretary is obtained." It is conceded that when the application was made, before and since, there were two unsatisfied mortgages on the property, one for $600 and one for $400; that notice thereof was not given to defendant's secretary, and hence he never gave any written consent thereto. It must follow then, according to the terms of contract above quoted, that the policy is void. There was however evidence tending to prove that at the time the application was signed, and the policy issued, the local agent at Carthage was informed as to the existence of these incumbrances; it is contended then that such knowledge on the part of the agent and failure to object, constituted a waiver of the stipulation as to incumbrances. But this can not be; the local agent had no authority to waive this provision against incumbrances; by an express provision of the contract between the assured and the company this could only be consented to by the secretary thereof. The power and authority thus given to the company's secretary involved a denial thereof to the local agent. Such limitation on the authority of the local agent was, too, brought home to the assured; it is therefore binding on him. Wolf v. Ins. Co., 75 Mo. App. 337, and cases cited; Lama v. Ins. Co., 51 Mo. App. 447.

The judgment of the circuit court must be reversed. All concur.